## LEONARD MORSE *vs.* WILLIAM H. CHAMBERLIN.

Middlesex.    March 8. — May 7, 1887.    FIELD, C. ALLEN, & GARDNER, JJ., absent.

Under the St. of 1871, c. 239, (Pub. Sts. c. 77, § 16,) a notice to an indorser of a promissory note of its non-payment, duly deposited, postage prepaid, in the post-office in the town in which he lives, the direction on the envelope in which it is enclosed containing only his name and that of the town, is sufficient, although he lives on a street which has a name, if the houses on the street are not numbered, and there is no postal delivery by carriers; and the facts that he did not receive the notice, and that another person of the same name lived in the town who did not receive it, are immaterial.

CONTRACT on a promissory note for $100, dated Natick, November 1, 1879, payable two months after date to the order

of the plaintiff, at the Natick National Bank, signed by Charles H. Hunt, and indorsed by the defendant.

Trial in the Superior Court, without a jury, before *Thompson,* J., who allowed a bill of exceptions, in substance as follows:

It appeared that the defendant indorsed his name in blank on the back of the note at its inception; that Hunt thereafter delivered it so indorsed to the plaintiff for value; that, upon the last day of grace, the note was duly presented by a notary public to the Natick National Bank for payment; that it was not paid; that a notice to the defendant of its non-payment was made and deposited in the post-office in Natick by said notary, in an envelope, postage prepaid, directed as follows: "Mr. William H. Chamberlin, Natick, Mass.;" that there was no designation of the street and number where the defendant resided upon said envelope or in the address thereof; that the Natick National Bank was located, and the plaintiff and the defendant both resided, in the same village in Natick in which said post-office was; that there were no postal carriers for the delivery of letters in Natick; that the street on which the defendant resided had a name, but the houses on said street were not numbered; and that there was another person of the same name with the defendant then residing in Natick, but not upon the same street, but such other person did not receive said notice.

The defendant testified that he never received said notice, or any due notice of the non-payment of said note.

The defendant requested the judge to rule, that, unless he found as a fact that the defendant actually received the notice, judgment should be for the defendant.

The judge declined so to rule; found that the defendant did not in fact receive said notice; ruled that the plaintiff was entitled to recover; and ordered judgment for the plaintiff for the amount of said note, and interest thereon. The defendant alleged exceptions.

*W. F. Slocum & W. S. Slocum,* for the defendant.

*P. H. Cooney,* for the plaintiff.

W. ALLEN, J. By the St. of 1874, *c.* 404, (Pub. Sts. *c.* 77, § 15,) the defendant was entitled to notice, the same as an indorser. The St. of 1871, *c.* 239, (Pub. Sts. *c.* 77, § 16,) provided that whenever a party to a negotiable instrument is

entitled to notice of non-payment or non-acceptance, and the instrument is payable in any city or town where such party has his residence or place of business, "such notice may be given by depositing the same, with the postage thereon prepaid, in any post-office in said city or town, sufficiently directed to the residence or place of business of the party for the usual course of mails within the limits of said city or town, and for the usual course of delivery by postal carriers."

The notice in this case was duly deposited in the post-office in Natick, directed to "Mr. William H. Chamberlin, Natick, Mass." The only question is whether it was sufficiently directed.

The statute makes the deposit in the post-office notice to the party, but it contemplates two modes of its delivery to him, at the post-office where it is deposited, or by a letter carrier, and requires that it shall be sufficiently directed to his residence or place of business for both modes. The provision is general, and is intended to cover and to be applied to all kinds of places and all sorts of circumstances : to a large city, where the streets are numbered and there are postal carriers, and where some persons receive their letters exclusively at the post-office, and others exclusively by carriers at their residences or places of business; and to small towns, where street numbers and letter carriers are unknown, and where everybody goes to the post-office.

In the case at bar, the defendant lived in a village in Natick in which the post-office was located, and he lived on a certain street; but there is no evidence that the houses on it were numbered, and there was no postal delivery. He received his letters at the Natick post-office, and he had no other residence known to the post-office than Natick, and an address to him there was, in effect, an address to him at the Natick post-office. It insured that the letter would be ready there for delivery to him, and to that end any description of the house he lived in would be superfluous. There could be no more sufficient direction to his residence, to insure the delivery of the notice. Was it insufficient in not providing against its delivery to another person of the same name? We think clearly not. The place was not so populous nor the name of the defendant so common as to call for any further identification of him by describing his personal

appearance, or his occupation, or the house in which he lived. *True* v. *Collins*, 3 Allen, 438.

The facts that the defendant did not receive the notice, and that another person of the same name lived in the town who did not receive it, are immaterial. If the direction was sufficient, the defendant is affected by the notice, and it would make no difference if another person of the same name, who lived in the same town, or the same street, or the same house, received it. If the defendant had desired a more particular direction than his residence and post-office address, he should have added it to his name when he signed the note.      *Exceptions overruled.*