LOWELL TRUST COMPANY *vs.* NATHAN D. PRATT,
administrator.

Middlesex.    March 4, 1903. — May 22, 1903.

Present: KNOWLTON, C. J., LATHROP, BARKER, HAMMOND, & BRALEY, JJ.

*Bills and Notes.*

Under Pub. Sts. c. 77, § 16, a notice to an indorser of the non-payment of a note
can be found to be good, which was addressed to him at "Lowell, Mass." where
in his dealings with the holder it had been customary for him to have his mail
addressed, his place of business being in Lowell where he lived with his family
although absent part of the time, and no evidence being offered to rebut the
presumption that the notice was received in due course of mail.

St. 1896, c. 496, abolished days of grace as to notes not payable at sight made after
January 1, 1897.

By St. 1888, c. 329, a promissory note payable five years from date to the order
of a person named, providing that the maker may pay the whole or any portion
of the principal at any time within the five years, is negotiable.

CONTRACT on nine promissory notes declared upon in twelve
counts.   Writ dated September 18, 1900.

In the Superior Court the case was tried before *Fessenden*, J.,
without a jury.   At the close of the evidence the defendant
requested the judge to rule: 1. There is no sufficient evidence
of demand and notice of non-payment to entitle the plaintiff to
a finding upon the second, third, fourth, fifth, seventh or eighth
count of the plaintiff's declaration.   2. Upon all the evidence
in the case the plaintiff cannot recover upon the tenth count in
its declaration.   3. Upon all the evidence in the case the plain-
tiff cannot recover in this action upon the sixth, eleventh or
twelfth count in its declaration.

The only point argued at the trial upon the first request was
whether the notices were sent to the proper place.

The judge found for the plaintiff in the sum of $16,092.35,
and found for the defendant on the fifth count, on the ground
that demand of payment and notice of non-payment were not
seasonably made and given, and for the defendant on the
sixth, eleventh and twelfth counts on the ground that the note
declared on in those counts was lost by the plaintiff.

The defendant alleged exceptions, raising the questions stated by the court.

*J. J. Devine*, for the defendant.

*J. J. Hogan & W. A. Hogan*, for the plaintiff.

BRALEY, J.    The plaintiff is the holder of several promissory notes all signed by the defendant's intestate, John H. Coffey, as indorser.

At the trial it became necessary to show that due notice of the non-payment of the notes, on which demand and notice had not been waived, was given to the indorser, and the first exception of the defendant raises the question as to whether the notice given was sufficient.

It is necessary in order to fix the liability of an indorser that due notice be given to him that the note has been dishonored by the makers, and that the holder looks to him for its payment. And while such notice may be oral and is not required to be in writing, when these notes matured written notice was given the indorser under the conditions of Pub. Sts. c. 77, § 16, that "when a party to a promissory note . . . is entitled to notice of . . . non-payment of the same, and such instrument is payable . . . in a city or town in which such party has his residence or place of business . . . such notice may be given by depositing it in a post-office in said city or town, with the postage thereon prepaid, and sufficiently directed to the residence or place of business of the party for the usual course of mails within the limits of said city or town and for the usual course of delivery by postal carriers therein."    This section was a re-enactment of St. 1871, c. 239, which for the first time provided that notice of the non-payment of a promissory note may be given by mail to an indorser where the parties live in the same place; while before the statute such a form of notice was limited to cases where the indorser resided in a city or town other than that where the note was payable and of which notice of non-payment was to be given.    In either case the plaintiff must prove that the indorser had a residence in the city or town to which the notice is mailed.

It appears by the bill of exceptions that the notes, on which demand and notice was not waived by John H. Coffey, were duly protested by a notary public as they fell due, and that

notice was given him by mailing a copy of the protest, with postage prepaid, addressed "Lowell, Mass." In his dealings with the plaintiff it had been customary, under instructions from him, to have his mail so addressed. At this time his place of business was in Lowell, where he lived with his family, though absent some part of the time during which notice of the dishonor of the notes was mailed to him. No evidence was offered by the defendant to rebut the presumption that the notices were received in due course of mail.

This evidence was sufficient to support a finding that John H. Coffey at the time the notices were sent had a residence in Lowell within the meaning of the statute.

A temporary absence from Lowell during the summer, when with his family he lived at Salem, was not enough to show that he had changed his domicil; for the stability of residence required under the law relating to taxation and the settlement of paupers is not necessary when ascertaining the abode of an indorser for the purpose of giving notice to him by mail of the dishonor of commercial paper signed by him. He may have had a residence for this purpose both at Lowell and Salem at the same time, and, if so, notice to him at either place would have been sufficient to charge him as indorser. *Shaylor* v. *Mix*, 4 Allen, 351. *Morse* v. *Chamberlin*, 144 Mass. 406. *Wachusett National Bank* v. *Fairbrother*, 148 Mass. 181. *Johnson* v. *Brown*, 154 Mass. 105, 106.

The defendant further argues that these notes were entitled to days of grace, and that the demand for payment and notice of dishonor was given at the time when the several notes matured and became payable, without any allowance of days of grace, and that therefore the demand and notice in each case was premature. But under the request for a ruling made at the trial that there was no sufficient evidence of demand and notice of non-payment to entitle the plaintiff to a finding, the only ground relied on to support the request was that the notices were not sent to the proper place. If the question whether the notes set out in the second, third, fourth, seventh and eighth counts of the plaintiff's declaration were entitled to days of grace is open, it is disposed of by St. 1896, c. 496, which was in force when these notes were made.

By that act days of grace were abolished as to commercial paper of the character of the notes in suit, unless stipulated therein, and as these notes do not contain such a stipulation, the notice of non-payment was not prematurely sent to John H. Coffey.

Under the tenth count of the declaration the plaintiff seeks to recover upon a promissory note dated October 13, 1893, for the sum of $3,000 payable five years from date to the order of James J. Coffey and John H. Coffey, which contains this language : " The privilege being allowed the makers hereof, to pay the whole or any portion of said principal sum, at any time within said five years if they so desire." It is the contention of the defendant that the time of payment is contingent and by the law merchant the note is not negotiable. But it does not become necessary to consider this question.

By St. 1888, c. 329, it is provided that : " No written promise to pay money shall be held not to be a promissory note, or not to be negotiable for the reason that the time of payment is uncertain : provided, that the money is payable at all events and at some time that must certainly come."

We are of opinion that the note is within the terms of the statute and the plaintiff therefore acquired a good title as indorsee.

*Exceptions overruled.*