CLARENCE A. HANSON *vs.* WILLIAM F. CULTON.

BEULAH P. HANSON *vs.* SAME.

Norfolk.　　November 8, 1929. — December 31, 1929.

Present: RUGG, C.J., CROSBY, PIERCE, CARROLL, & WAIT, JJ.

*Motor Vehicle*, Registration. *Way*, Public: unregistered motor vehicle. *Trespass*. *Words*, "Nonresident," "Business."

At the trial of an action of tort for personal injuries resulting from a collision on a way in this Commonwealth of an automobile owned and driven by the plaintiff with a truck of the defendant, it appeared that the plaintiff lived in the State of Rhode Island, where he was employed as a scenic artist; that from September, 1926, "into the first week of April, 1927," he had worked for his employer at a theatre in Boston in this Commonwealth; and, during that period, with his assistant had hired a room by the week in Boston with a private family; that he had occupied the room on an average of three nights a week during that period, eating at different restaurants; that his automobile was not registered in Massachusetts but was registered in Rhode Island; that the only time the automobile had been in Massachusetts was on April 30, 1927, the occasion of the collision, when he had driven to Boston to attend a banquet. There was a verdict for the plaintiff, and the defendant alleged exceptions. *Held*, that

(1) At the time of the collision, the plaintiff was not a nonresident as defined in G. L. c. 90, § 1, as amended by Sts. 1923, c. 464, § 1; 1924, c. 189, § 1;

(2) The plaintiff at the time of the collision had had a regular place of abode in Boston for more than thirty days in the year 1927 within the provisions of the above statute, although his domicil had been elsewhere during that entire period;

(3) During the period from January 1 to April 1, 1927, the plaintiff had had a business in Boston within the provisions of said statute,

(4) At the time of the collision, the plaintiff was a trespasser upon the highway, and therefore could not recover in the action.

The wife of the plaintiff in the action above described, who was with him at the time of the collision, also received injuries and brought an action against the defendant and a verdict was rendered in her favor. On exceptions saved by the defendant, it was *held*, that

(1) An exception by the defendant, to a refusal by the trial judge to rule that the wife was a passenger in an automobile not legally registered as provided by the statute, was sustained;

(2) It not appearing that the wife knew or had reasonable cause to know that G. L. c. 90, § 9, as amended, was being violated, a new trial of the action was ordered.

Two ACTIONS OF TORT. Writs dated November 8, 1927.

In the Superior Court, the actions were tried together before *Williams,* J. The statement in the record as to the employment of the plaintiff Clarence A. Hanson, was as follows:

"The plaintiff Clarence Hanson was a resident in West Barrington, Rhode Island, and at the time of the accident was a scenic artist employed by Keith B. F. Albee Theatres in Providence, Rhode Island. He had been employed by Keith B. F. Albee interests a part of each year for a matter of fifteen years. From September, 1926, into the first week of April, 1927, he was employed by Keith-Albee interests as a scenic artist at the St. James Theatre at Boston, Massachusetts.

" During the period, September, 1926, to during the first week in April, 1927, the plaintiff lived at West Barrington, Rhode Island, and partly in Boston. He had a room at St. Stephen Street in Boston, which he hired, soon after he went to Boston, about the first part of September, a room with a private family with his assistant; they roomed together and paid ' so much ? a week for it. , He occupied the

room on an average of about three nights a week for the last four months of 1926 and the first three months of 1927. He ate out at different restaurants.

" On the night of the accident the plaintiff had driven his automobile to Boston to attend a banquet of the American Scenic Artists at the American House. He never had the automobile, involved in the accident, with him in Boston until the night of the accident. During this period, from September, 1926, and up to the time of the accident, he was the owner of the automobile involved in the collision. The automobile was not registered in Massachusetts. It was registered in the State of Rhode Island."

Other material evidence, rulings by the trial judge and exceptions saved by the defendant are stated in the opinion. There were verdicts for the plaintiffs, respectively, in the sum of $2,500 and $1,800. The defendant alleged exceptions.

Section 1 of G. L. c. 90, as amended by St. 1923, c. 464, § 1, and by St. 1924, c. 189, § 1, so far as material, read as follows:

"'Non-resident', any resident of any state or country who has no regular place of abode or business in the commonwealth for a period of more than thirty days in the year; provided, that any such resident who owns a commercial motor vehicle which is operated in the commonwealth for more than thirty days in the year shall not, as to such vehicle, be deemed a non-resident."

Section 3 of G. L. c. 90, as amended by St. 1923, c. 431, § 1, so far as material in this case, reads as follows:

". . . a motor vehicle or trailer owned by a non-resident who has complied with the laws relative to motor vehicles and trailers, and the operation thereof, of the state or country in which he resides may be operated on the ways of this commonwealth without registration except as otherwise provided in section ten; provided, that said state or country grants similar privileges to residents of this commonwealth; this section, however, shall be operative as to a motor vehicle or trailer owned by a non-resident only to the extent that under the laws of the foreign country or

state of his residence like exemptions and privileges are granted to motor vehicles and trailers duly registered under the laws of and owned by residents of this commonwealth; and the registrar shall determine what states or countries grant similar privileges and the extent of the privileges so granted, and his determination shall be final. . . ."

Section 9 of G. L. c. 90, as amended by St. 1922, c. 303, § 3, reads as follows:

"No person shall operate any motor vehicle or draw any trailer, and the owner or custodian of such a vehicle shall not permit the same to be operated upon or to remain upon any way, unless such vehicle is registered in accordance with this chapter and carries its register number displayed as provided in section six, and, in the case of a motor vehicle, is equipped as provided in section seven, except that any motor vehicle or trailer may be operated or remain upon any way between the hours of twelve o'clock noon on December thirty-first of one year and twelve o'clock noon on January first of the following year if it carries its register number of either year displayed as provided in section six; but violation of this section shall not constitute a defence to actions of tort for injuries suffered by a person, or for the death of a person, or for injury to property, unless it is shown that the person injured in his person or property or killed was the owner or operator of the motor vehicle the operation of which was in violation of this section, or unless it is shown that the person so injured or killed, or the owner of the property so injured, knew or had reasonable cause to know that this section was being violated."

*J. J. Curran,* for the defendant.

*G. F. James & B. Bachner,* for the plaintiffs, submitted a brief.

CARROLL, J. These two actions of tort arise out of the same accident, which occurred on April 30, 1927, on the State highway in the town of Walpole. The plaintiffs are husband and wife. The husband was the owner of the automobile which was in collision with the defendant's truck. There was evidence of the defendant's negligence.

On the night in question the plaintiff Clarence Hanson, accompanied by Mrs. Hanson, "had driven his automobile to Boston to attend a banquet. . . . He never had the automobile, involved in the accident, with him in Boston until the night of the accident." The record recites that the plaintiff Clarence Hanson was a resident of West Barrington, Rhode Island; that he was a scenic artist employed in Providence, Rhode Island; that from September, 1926, "into the first week of April, 1927, he was employed" as a scenic artist in Boston. "During the period, September, 1926, to during the first week in April, 1927, the plaintiff lived at West Barrington, Rhode Island, and partly in Boston. He had a room at St. Stephen Street in Boston, which he hired, soon after he went to Boston, about the first part of September, a room with a private family with his assistant; they roomed together and paid 'so much' a week for it. He occupied the room on an average of about three nights a week for the last four months of 1926 and the first three months of 1927. He ate out at different restaurants." From September, 1926, and at the time of the accident, he was the owner of the automobile involved in the collision. It was registered in Rhode Island but was not registered in Massachusetts.

The defendant made several requests for rulings to the effect that the plaintiff Clarence Hanson was not a non-resident under the automobile statute; that he had a regular place of abode in this Commonwealth from January 1, 1927, to April 1, 1927; that he was the owner of the automobile while he had a regular place of abode in Massachusetts; that the law required the registration of his automobile in Massachusetts; that he was a trespasser on the highway. The defendant also asked in the case of Mrs. Hanson for a ruling that Mrs. Hanson was a passenger in an automobile not legally registered in this Commonwealth. He excepted to the refusal of the judge to give these requests. There was a verdict for the plaintiff in each case.

In § 1 of G. L. c. 90, which regulates motor vehicles, a nonresident is defined as "any resident of any State or

country who has no regular place of abode or business in the Commonwealth for a period of more than thirty days in the year." If the plaintiff Clarence Hanson had a place of abode or business in this Commonwealth for a period of more than thirty days in the year 1927, and used his automobile on the public streets of this Commonwealth without the registration required, his automobile was an outlaw, he was a trespasser, and he could not recover for the negligence of the defendant. *Dudley* v. *Northampton Street Railway,* 202 Mass. 443. *Gondek* v. *Cudahy Packing Co.* 233 Mass. 105.

During the months of January, February and March, 1927, as we construe the record, the plaintiff Clarence Hanson was employed at the same theatre and by the same employers, and he had a room in Boston which he occupied on an average of three nights each week. On these facts he had a regular place of abode in Boston for more than thirty days. His domicil was elsewhere, but within the meaning of the motor vehicle statute he had a regular place of abode for more than thirty days and, like any resident of Massachusetts, his automobile if used on the highways of this Commonwealth should have been registered here. He could not legally operate his car here, unless our statute was complied with. During this period, from January 1, 1927, to April 1 of that year, he had a business in Boston according to the words of the statute. "'Business' is 'anything which occupies the time and attention and labour of a man for the purpose of profit.'" *Collector of Taxes* v. *New England Trust Co.* 221 Mass. 384, 388. As we construe the record, he was, during the entire period mentioned, constantly employed at the business of a scenic artist. As his motor vehicle was not registered as required by law he could not recover against the defendant, and the requests of the defendant should have been given. *Hanley* v. *Eastern Steamship Corp.* 221 Mass. 125, is not applicable on the facts shown here.

It may be thought that this construction of the statute will in certain cases cause hardship. We think the meaning of the statute is plain and if a change is thought desirable, relief must be sought from the Legislature.

In the case of Mrs. Hanson, the defendant asked for rulings, in substance, that the plaintiff was a passenger in an automobile not legally registered as provided by the statute of this Commonwealth. As Mrs. Hanson was riding in a motor vehicle which was an outlaw upon our highway, the requests should have been given. Her right to recover will be open on the new trial. See G. L. c. 90, § 9.

In each case the entry is to be

*Exceptions sustained.*