MANUEL F. AVILA, administrator, *vs.* HENRY B. DUPONT.

Bristol. October 26, 1931. — January 6, 1932.

Present: RUGG, C.J., CROSBY, CARROLL, SANDERSON, & FIELD, JJ.

*Motor Vehicle*, Registration. *Trespass.* *Way*, Public: trespass. *Practice, Civil*, Exceptions. *Words*, "Place of abode."

A person may have a "place of abode," as those words are used in G. L. c. 90, § 1, as amended by St. 1923, c. 464, § 1, and St. 1924, c. 189, apart from the place of his permanent residence or domicil; although a person can have but one domicil, there is no legal objection to his having more than one regular place of abode or residence within the meaning of the statute. Per CROSBY, J.

At the trial of an action of tort by an administrator for the conscious suffering and death of his intestate resulting from negligence of the defendant in operating, on a public way in this Commonwealth on August 11, an automobile owned by a resident of Delaware and

having a registration in that State only, evidence, that the owner of the automobile had maintained a summer home in this Commonwealth for several years; that in the summer in question the house was opened about July 1 and thereafter until August 11 was occupied continuously by members of the owner's family, by servants and by guests and, during a part of this time, by the owner himself, warranted findings that, within the meaning of said statute, he had a regular place of abode in this Commonwealth for more than thirty days in that year previous to August 11, and that the automobile on August 11 was not properly registered and was a trespasser on the way.

At the trial above described, it was proper to admit evidence that the owner of the automobile registered it in this Commonwealth on August 31; in connection with the Delaware registration, such evidence being competent to show that the registrant was its owner from January 1 to August 31, and accordingly that he was the owner on August 11; and also to show that the automobile was not registered here on August 11.

In view of testimony at the trial above described by a caretaker of the summer home that there was a beach wagon on the premises in the year in question and that he remembered some plates coming from the Massachusetts highway commission on or about February 1 to be attached to that wagon, it was proper to admit evidence that the owner of the summer home registered the beach wagon here on February 1: such evidence was competent upon the issue as to the period of time in that year during which the owner had a regular place of abode here.

TORT for the conscious suffering and death of the plaintiff's intestate. Writ dated October 9, 1928.

The action was tried in the Superior Court before *Macleod,* J. Material evidence and exceptions saved by the defendant are stated in the opinion. There was a verdict for the plaintiff on the count for death in the sum of $2,000, and on the count for conscious suffering in the sum of $9,168.57, of which the plaintiff remitted all in excess of $7,962.50 by order of court. The defendant alleged exceptions.

*S. P. Sears,* for the defendant.

*W. S. Downey,* (*F. Vera* with him,) for the plaintiff.

CROSBY, J. This is an action of tort to recover for the conscious suffering and death of the plaintiff's intestate, resulting from an automobile accident which occurred about 11:30 P.M. on August 11, 1928, on the main highway in the village of Osterville, a part of the town of Barnstable, in this

Commonwealth. At the time of the accident a touring car, owned by A. Felix DuPont, was operated by his cousin, the defendant, on the highway in a westerly direction, and after passing an automobile proceeding in the same direction, operated by one Davidson, the left front wheel of the defendant's car collided with the left front wheel of an automobile owned by one Vialle, and operated by one Howard in an easterly direction, causing the latter's automobile to cross part of the road to its left and strike almost head on the Davidson automobile, in which the plaintiff's intestate was riding as a passenger. The case was tried with two other cases brought by this plaintiff, one against the operator of the Vialle automobile and the other against Vialle. In each of those cases the jury found for the defendant. In the present action there was a verdict for the plaintiff. In answer to three special questions submitted to the jury they found (1) that the driver of the Vialle automobile did not operate it in a negligent manner; (2) that A. Felix DuPont had a regular place of abode in Massachusetts for a period of more than thirty days in the year 1928, and prior to August 11 of that year; and (3) that apart from any question as to the regular place of abode of A. Felix DuPont the defendant operated the car which he was driving in a negligent manner so as to cause or contribute to the injuries of Julia A. Avila, the plaintiff's intestate. It is recited in the exceptions that there was evidence sufficient to warrant the jury in finding that negligence on the part of the defendant caused the injuries to and death of the decedent; that she was in the exercise of due care; and that damages were sustained in the amounts awarded. It is also stated that complete and correct instructions were given to the jury with reference to the question of liability based on negligence, apart from the matter of illegal registration, and also concerning the matter of damages.

In view of these recitals, there is ground for the inference that the defendant has suffered no harm even if there were error in respect to the issue whether the automobile operated by the defendant and owned by A. Felix DuPont was properly registered so as not to be an outlaw on the highway

under the laws of this Commonwealth. It is strongly urged for the defendant that, for aught that appears on the record, damages might have been enhanced because of a greater degree of culpability on the part of the defendant if the automobile were found to have been an outlaw on the highway. *Fairbanks* v. *Kemp*, 226 Mass. 75, 79. Therefore, since the point has been fully argued on both sides, it is considered and decided. The record shows that it was registered in the name of the owner in the State of Delaware, and bore a Delaware number plate at the time of the accident. There was evidence that it was owned by A. Felix DuPont of Wilmington, Delaware, who had a summer home at Osterville in this Commonwealth since 1926, which was occupied by him personally and by the members of his family, his servants and his guests. Whether the automobile should have been registered in this Commonwealth depends upon the proper interpretation of G. L. c. 90, § 1, as amended by St. 1923, c. 464, § 1, and St. 1924, c. 189. That statute defines a nonresident as "any resident of any state or country who has no regular place of abode or business in the commonwealth for a period of more than thirty days in the year . . . ." If A. Felix DuPont had a regular place of abode in this Commonwealth for a period of more than thirty days in the year 1928, and operated the automobile in question upon the highways of this Commonwealth, or permitted it to be so operated, without registration, it was an outlaw and a trespasser upon the highway. *Dudley* v. *Northampton Street Railway*, 202 Mass. 443. *Hanson* v. *Culton*, 269 Mass. 471, 476.

The defendant testified that at the time of the accident he was visiting his cousin, A. Felix DuPont, "who has a home on Oyster Island" and was the owner of the car in question; that in the car at the time of the accident were a daughter of A. Felix DuPont, who was spending the summer there at his house, and three other persons who were staying there; that Mr. and Mrs. A. Felix DuPont were also staying there; that A. Felix DuPont had had a summer home in Osterville for a long time, and had servants on the place in the summer of 1928. There was fur-

ther evidence that A. Felix DuPont was there at the time of the accident; that the house was opened about the first of July, 1928, and that some of the family were there all the time during July; that it was DuPont's summer home; that he is there some of the time and sometimes he is away, and that had been so for several years; that during the first week in July he was seen at Oyster Island; that the car bearing the same Delaware number plate was seen there continuously at different times from July 4 until after September 1, 1928. The foregoing and other evidence warranted a finding that the owner of the car in question during the year 1928 up to August 11 of that year had maintained a summer home at Oyster Island for himself, his family and guests, which was, in fact, occupied by some members of his family continuously from July 4 to August 11, 1928, and during a part of this time by himself. And a further finding was warranted that he had a regular place of abode in this Commonwealth for more than thirty days in the year 1928 before August 11 of that year. A person may have a "place of abode," as those words are used in the statute, apart from the place of his permanent residence or domicil. *Hanson* v. *Culton,* 269 Mass. 471. Although a person can have but one domicil, we see no legal objection to his having more than one regular place of abode or residence. *Wachusett National Bank* v. *Fairbrother,* 148 Mass. 181, 185. *Lowell Trust Co.* v. *Pratt,* 183 Mass. 379, 381. *Emery* v. *Emery,* 218 Mass. 227, 229. It was not necessary for the plaintiff to prove that the owner of the automobile operated by the defendant at the time of the accident was physically present in this Commonwealth for a period of thirty days during the year 1928. The statute relates to the maintenance of a "regular place of abode or business" in the Commonwealth for the stated period, and has no necessary and direct reference to the physical presence of the owner in the Commonwealth for that or any other period of time. No other construction of the statute is reasonably possible. *Gondek* v. *Cudahy Packing Co.* 233 Mass. 105, 110–111. *Hanson* v. *Culton,* 269 Mass. 471. See also *Marlborough* v. *Lynn,* 275 Mass.

394, 397; *Clegg* v. *Bishop,* 105 Conn. 564, 570; *Morse* v. *Lash Motor Co. Inc.* 107 Conn. 137, 140. It follows that as this automobile was not registered in this Commonwealth it was an outlaw on the highway; that the owner had no right to permit its operation upon a highway here; and that the defendant is responsible for injuries caused thereby. We find nothing in the cases cited by the defendant at variance with what is here decided. As, there was evidence to support the verdict for the plaintiff on the ground that the defendant's negligence caused or contributed to the injuries and death of the plaintiff's intestate, as shown by the answer of the jury to the third question, it is immaterial that they also found in favor of the plaintiff on the question of failure to have the car registered in Massachusetts. *Hawks* v. *Truesdell,* 99 Mass. 557, 558. *Parent* v. *Smith,* 160 Mass. 314. *Rocci* v. *Massachusetts Accident Co.* 222 Mass. 336, 345–346. *Pierce* v. *Hutchinson,* 241 Mass. 557, 564.

Exhibits 6 and 7, offered in evidence by the plaintiff, were admitted subject to the exceptions of the defendant. Exhibit 6 was a certified copy of the record of the registry of motor vehicles of Massachusetts relating to a certificate of registration issued August 31, 1928, to A. Felix DuPont of a touring car having the same engine number as that described in Exhibit 5, which was the registration of the car in Delaware, and is the same number that the defendant admitted was borne by the car involved in the accident. Exhibit 7 consisted of a certified copy of the Massachusetts registry of motor vehicles relating to a certificate of registration issued February 1, 1928, to A. Felix DuPont of a beach wagon. These exhibits were attested by the registrar as required by G. L. c. 233, § 76, and evidence respecting the same was introduced by the testimony of a clerk employed at the registry of motor vehicles. Exhibit 6 considered in connection with Exhibit 5 was admissible to show that A. Felix DuPont was the owner of the touring car from January 1, 1928, to August 31, 1928, and accordingly that he was the owner at the date of the accident; it was also evidence tending to show

that this car was not registered in this Commonwealth at the time of the accident. *Trombley* v. *Stevens-Duryea Co.* 206 Mass. 516, 518. *Pierce* v. *Hutchinson,* 241 Mass. 557, 562. Exhibit 7 was admissible in view of the testimony of the caretaker of the summer home of DuPont at Oyster Island, who stated that there was a beach wagon on the premises in 1928; that he remembered some plates coming from the Massachusetts highway commission on or about February 1, 1928, to be attached to that wagon. This exhibit was admissible, upon the issue as to the period of time in 1928 during which DuPont had a regular place of abode in this Commonwealth, to show that A. Felix DuPont of Osterville in this Commonwealth, with a legal address at Wilmington, Delaware, was the owner of the beach wagon on February 1, 1928. The exceptions to the admission of these exhibits must be overruled.

Whether the owner of the automobile operated by the defendant at the time of the accident had a regular place of abode in this Commonwealth for a period of more than thirty days during the year 1928 before August 11 of that year was a question of fact to be determined by the jury upon the entire evidence. We find no error in the rulings relating to the admission of evidence. The requests which involve the question whether the owner of the car had a regular place of abode in this Commonwealth during the year 1928 for more than thirty days in view of the evidence were rightly refused. An examination of the charge fails to disclose any error of law so far as any exceptions were taken. There was no error in the denial of the requests for rulings so far as not covered by the charge.

*Exceptions overruled.*