OTTO CARL TOPF *vs.* CHARLES HOLLAND.

Norfolk.     December 7, 1934. — December 11, 1934.

Present: RUGG, C.J., CROSBY, DONAHUE, & LUMMUS, JJ.

*Motor Vehicle*, Registration.

The purpose of the requirement of G. L. (Ter. Ed.) c. 90, § 2, that an application for registration of a motor vehicle shall contain, in addition to other information, "a statement of the name, place of residence and address of the applicant," is to identify the owner; and variations from the literal terms of the statute not affecting this purpose in material particulars do not invalidate the registration nor render the motor vehicle an outlaw on the highway. Per RUGG, C.J.

Although answers on such an application are not strictly accurate nor completely responsive to the questions pertaining to the applicant's residence, if they do not affect the main purpose of the registration nor interfere with an easy identification of the applicant they do not render the registration illegal nor cause the vehicle driven under it to be unlawfully on the highway.

TORT. Writ in the District Court of Northern Norfolk dated January 2, 1934.

In the District Court, the action was heard by *Fullerton*, J. Material evidence is described in the opinion. There was a finding for the plaintiff in the sum of $200. A report to the Appellate Division for the Southern District was ordered dismissed. The defendant appealed.

The case was submitted on briefs.

*R. J. Dunn & G. W. Roberts*, for the defendant.

*G. G. Darling*, for the plaintiff.

RUGG, C.J. The plaintiff seeks by this action of tort to recover compensation for personal injuries and property damage sustained by him in December, 1933, while travelling in his automobile on a public way in this Common-

wealth, by reason of the alleged negligent operation of an automobile by the defendant. The trial judge found for the plaintiff. The defendant concedes that there was evidence warranting a finding that he was negligent and that the plaintiff was in the exercise of due care at the time of the accident. The only controverted question is whether it rightly could have been found that the automobile of the plaintiff was legally registered. The pertinent facts in that connection are these: The plaintiff set out in his writ that he was of Dedham in this Commonwealth. In response to printed questions he stated on the application for registration of his automobile, received at the registry of motor vehicles on January 1, 1933, that his Massachusetts residential address was "Box 215 — U. S. Lighthouse Depot" and on the line below that the automobile was to be garaged at "New Bedford, Mass.," although the arrangement of these words together with the printed questions was such as to lead to the impression without close examination that the quoted words stated the residential address. The address just below his signature on the application was "Box 215," "New Bedford, Mass." The address given on the insurance certificate attached to the application was "Box 215, U. S. Lighthouse Depot New Bedford, Mass." The plaintiff on January 1, 1933, was a radio operator in the United States lighthouse service on the tender "Arbutus" which during 1933 was at several places; his quarters were on board the "Arbutus" and his work was the protection of men at sea. On January 1, 1933, it was assigned to Woods Hole. Since August, 1933, it has been assigned to Bristol, Rhode Island. The duty of the plaintiff takes him to sea part of the time and part of his duty is on shore. He had been in the service about six years. Before entering the lighthouse service he lived at home with his parents on Border Street, East Dedham, and when on furlough he was quite apt to spend all or a portion of his time with his parents. He testified that his residence was in Dedham. East Dedham is a village in that town. His application for a license to operate a motor vehicle filed in September, 1933, stated that his mail address was "Box 215 New

Bedford Mass" and that his residential address was "Border St. E. Dedham Mass." The trial judge found that on or shortly prior to January 1, 1933, his mail address was "Box 215 U. S. Lighthouse Depot, New Bedford, Mass." as set forth in his application for registration, that "the information given on the registration application complies with the requirements of law with respect to identifying the applicant and that for all purposes connected with the issues in this case" the automobile was legally registered.

It is provided by G. L. (Ter. Ed.) c. 90, § 2, that the application for registration shall contain in addition to other information "a statement of the name, place of residence and address of the applicant." The purpose of this requirement is to identify the owner. A descriptive statement by which he can readily be found in the community must be given. Variations from the literal terms of the statute not affecting in material particulars this purpose do not invalidate the registration or render the motor vehicle an outlaw on the highway. *Koley* v. *Williams*, 265 Mass. 601. *Fine* v. *Kahn*, 270 Mass. 557. The case at bar is close. While the answers on the application for registration were not strictly accurate or completely responsive to the questions, they did not affect the main purpose of the registration or interfere with an easy identification of the applicant. *Nash* v. *Lang*, 268 Mass. 407. *Brown* v. *Robinson*, 275 Mass. 55. *Brewer* v. *Hayes*, 285 Mass. 144. See *Jenkins* v. *North Shore Dye House, Inc.* 277 Mass. 440, 444. Compare *Avila* v. *DuPont*, 278 Mass. 83, 87; *Hanson* v. *Culton*, 269 Mass. 471. The case is quite distinguishable from *DiCecca* v. *Bucci*, 278 Mass. 15, where the address was wholly wrong as to the municipality.

*Order dismissing report affirmed.*

## MEMORANDUM.

The following is a part of the official record of a meeting of His Excellency the Governor and Council held Wednesday, December 12, 1934.

"Honorable William Cushing Wait, Associate Justice, Supreme Judicial Court, having under date of December 10, 1934, expressed in writing his willingness to be retired from the position as Associate Justice of the Supreme Judicial Court in accordance with the provisions of Article LVIII of the Articles of Amendment to the Massachusetts Constitution and subject to the provisions of General Laws, Tercentenary Edition, Chapter 32, section 63, it is hereby

"ORDERED that said William Cushing Wait be, and hereby is, retired from the position as Associate Justice of the Supreme Judicial Court in accordance with the provisions of Article LVIII of the Articles of Amendment to the Massachusetts Constitution and subject to the provisions of General Laws, Tercentenary Edition, Chapter 32, section 63; said retirement to be effective as of December 12, 1934.

"The Secretary was further directed to extend to him the appreciation of the Governor and Council for the honorable service rendered the Commonwealth by him over a long period of years, also their best wishes for his future health and happiness."