ANNA V. DOYLE *vs.* JACK GOLDBERG.

Suffolk.    November 5, 6, 1935. — March 30, 1936.

Present: RUGG, C.J., CROSBY, PIERCE, DONAHUE, & QUA, JJ.

*Motor Vehicle,* Registration.    *Words,* "Residence."

Evidence that a registrant of an automobile lived with his father in Boston five months of a year, taught in the Boston schools and voted there, did not as a matter of law render unwarranted a finding that his principal residence within the provisions of G. L. (Ter. Ed.) c. 90, § 2, was in Weymouth, where he lived and garaged his automobile seven months of the year from April until November; and a ruling, that registration from Weymouth was valid, was proper.

The owner of a motor vehicle was not as a matter of law guilty of bad faith if, in determining in which of two municipalities, where he resided at different periods of a year, he should register his motor vehicle, he chose the one having the lower rate of insurance.

An application for registration of a motor vehicle under G. L. (Ter. Ed.) c. 90, § 2, made in October and truly stating the applicant's principal residence, was not invalid because it did not take effect until the following January 1 and, by his established habit of life, on January 1 and until April his physical residence was in a municipality different from that stated in the application.

TORT.    Writ in the Municipal Court of the Brighton District of the City of Boston dated April 12, 1934.

The action was heard by *Connelly,* J., who found for the plaintiff in the sum of $606.60. A report to the Appellate Division for the Northern District was ordered dismissed. The defendant appealed.

*D. H. Fulton,* for the defendant.

*B. Potter,* for the plaintiff.

Rugg, C.J.   The plaintiff seeks to recover in this action of tort compensation for personal injuries and damage to property sustained by her in February, 1934, while operating an automobile, through the negligence of the defendant in operating an automobile.   The trial judge found for the plaintiff.   It has not been argued that there was not sufficient evidence to support the finding that the harm to the plaintiff was caused by the negligence of the defendant.   The only question for decision is whether the automobile of the plaintiff was legally registered.   The plaintiff stated in her application for registration that her "Massachusetts residential address" and her "Mail Address" were 41 Ocean Avenue, Weymouth, Massachusetts, and that the motor vehicle was garaged in Weymouth, Massachusetts.   The evidence touching this subject was undisputed and was in substance as follows:  Testimony of the plaintiff was that she was part owner of the house in North Weymouth described in her application for registration and lived there.   In 1933 she went there about April 1 and lived there until about November 20.   Then the water was shut off, although the electricity remained on, the house was closed for the winter and she came to Boston.   She was a school teacher in Boston and voted in Boston.   In the directory issued by the Boston school department her address was given as Roxbury, which is a part of Boston.   She had a room and living quarters in the home of her father at Roxbury. Between January and April she went to North Weymouth only occasionally and never stayed over night there, and had no intention of remaining there indefinitely.   She remained in North Weymouth in the autumn until the weather was bad, when she came to Boston.   The home in Roxbury was open in the summer, but no one lived there; the family lived at North Weymouth in the summer.   The father kept both homes.   In 1934, on January 1 and on April 1, she was in Roxbury.   Subject to report at request of the defendant, the plaintiff was permitted to testify that in 1933 she garaged her automobile in Weymouth from April to November and in Roxbury the rest of the year, that she made application "for plates for the calen-

dar year 1934" in October, 1933, and received them in November, 1933, and that in October, 1933, she was living in Weymouth. The father of the plaintiff testified that the house at North Weymouth was his summer home and that his daughters lived there with him.

· The trial judge found that the plaintiff lived and garaged her automobile "more than seven months in each year at 41 Ocean Avenue, North Weymouth" and that that was her "principal residence." It has not been argued that there is any distinction between Weymouth and North Weymouth so far as concerns the merits of the case. The court takes judicial notice that North Weymouth is not a town but is a part of the town of Weymouth. These findings are supported by the evidence and must be accepted as true. *Jones v. Clark*, 272 Mass. 146, 149. *Bresnick v. Heath*, 292 Mass. 293, 296. *Kennedy Bros. Inc. v. Bird*, 287 Mass. 477, 484. The trial judge ruled upon these facts that the "automobile of the plaintiff having been registered from 41 Ocean Avenue, North Weymouth, which was the place where the plaintiff lived more than seven months in each year, was not an outlaw on the highway on February 12, 1934."

It is required that an application for registration of an automobile shall contain "a statement of the name, place of residence and address of the applicant." G. L. (Ter. Ed.) c. 90, § 2. The statutes contain no definition of the words "place of residence" as thus used; do not in terms require a statement of the domicil of the applicant and make no reference to the word "domicil." One object of this legislative scheme for registration of automobiles is that there may be upon the public records an easy means of identification of the automobile and its owner. *Nash v. Lang*, 268 Mass. 407, 409. *Topf v. Holland*, 288 Mass. 552. *Ricker v. Boston Elevated Railway*, 290 Mass. 111. *Brodmerkle v. Gorolsky*, 293 Mass. 517.

The words of the statute imply that there may be a distinction between "residence" and "address" of the applicant for registration, and that both are required in the application. *Crean v. Boston Elevated Railway*, 292 Mass. 226. "Residence" is not a word of inflexible meaning but may

be used in different senses. It is not synonymous with domicil. "Generally, in the laws relating to taxation, voting, and settlement, it means the same as domicil. Usually it means the same in the law of divorce . . . . For the purpose of giving notice to an indorser, his place of residence implies less permanency of abode." *Stoughton* v. *Cambridge*, 165 Mass. 251, 252–253. *Marlborough* v. *Lynn*, 275 Mass. 394, 397. Although a person can have but one domicil, he may have more than one residence. *Opinion of the Justices*, 5 Met. 587, 588–589. *Holmes* v. *Greene*, 7 Gray, 299, 301. *Wachusett National Bank* v. *Fairbrother*, 148 Mass. 181, 185. *Lowell Trust Co.* v. *Pratt*, 183 Mass. 379, 381. *Emery* v. *Emery*, 218 Mass. 227, 229. *Martin* v. *Gardner*, 240 Mass. 350, 353. *Tax Collector of Lowell* v. *Hanchett*, 240 Mass. 557, 561. *Avila* v. *DuPont*, 278 Mass. 83, 87. *Commonwealth* v. *Ballou*, 283 Mass. 304, 313. It is matter of common knowledge that a person may have two places of residence within the Commonwealth. A statement of the residence and address of the applicant affords information sufficient in the ordinary case to satisfy one main purpose of the statute as to the easy identification of the registrant. *Crompton* v. *Williams*, 216 Mass. 184, 187. *Rolli* v. *Converse*, 227 Mass. 162, 165. *Koley* v. *Williams*, 265 Mass. 601, 603. *Di Cecca* v. *Bucci*, 278 Mass. 15, 16. Trifling inaccuracies in the statements in the application not affecting this statutory design do not invalidate the registration. *Crompton* v. *Williams*, 216 Mass. 184, 187. *Nash* v. *Lang*, 268 Mass. 407, 409. *Topf* v. *Holland*, 288 Mass. 552. The determination of the place of residence or domicil is commonly a question of fact. Actual presence in one municipality or another on a particular date is not conclusive. *Thayer* v. *Boston*, 124 Mass. 132, 145. *Tuells* v. *Flint*, 283 Mass. 106. See *Ness* v. *Commissioner of Corporations & Taxation*, 279 Mass. 369. There is nothing in this record to show that the finding as to the principal residence of the plaintiff was not warranted. The house at Weymouth was not a mere temporary lodging but a settled place of abode with some aspects of permanency continuing year after year. The decision in *Jenkins* v. *North Shore Dye*

*House, Inc.* 277 Mass. 440, 444, *S. C.* 289 Mass. 561, 566, is not to the contrary. In that case no question of two permanent residences as a habit of life was involved but simply a question of change of domicil with its consequent change of residence. The good faith of the plaintiff is not in issue. That is presumed in the absence of proof to the contrary. *Dondis* v. *Lash,* 277 Mass. 477, 485. *Janevesian* v. *Esa,* 274 Mass. 231, 233. A finding that the desire of the plaintiff was to secure a lower rate of automobile insurance, if warranted by the facts, was not bad faith in the circumstances disclosed.

The defendant contends that the application was invalid because, although made out in October, it was not officially accepted by the registrar of motor vehicles until January 1, and because the certificate of registration could not be dated until January 1, and that at that time the physical abode of the plaintiff was in Boston and not in Weymouth. The findings show that the plaintiff had two places of residence, one in Boston and one in Weymouth. Her habit of life established that situation. It is matter of common knowledge that blank applications for registration of motor vehicles are sent out to owners several weeks before January 1 in each year. The registration of every motor vehicle registered under the statute expires at midnight on December 31 of each year. The practical operation of the business of the registrar of motor vehicles renders it highly convenient if not essential that before that date applications for registration actually be filed, certificates of registration issued, and number plates delivered, to become effective on January 1. Nothing in the statute prohibits this method of transacting the business. The plaintiff, having her "principal residence" in Weymouth, was justified in filling out her application for registration on that footing even though she made that application in October and the certificate of registration could not be dated until the first of January following. Her place of physical abode, on the date when the application was filled out, or when the certificate of registration was dated, or when the number plates could first be used, was not decisive. The essential factor was whether the statements

in the application and the certificate of registration were true when applied to her established habits of life. It is not necessary to determine what her rights might be if, on or after January 1, she ceased to have the residence in Weymouth. Questions of that nature can be decided if and when they arise. *Fairbanks* v. *Kemp,* 226 Mass. 75. Doubtless, if a change of residence before January 1 is contemplated, that must be reflected in the application whenever made out. But that situation is not disclosed on this record.

It is not necessary to examine one by one the defendant's requests for rulings which were denied. It is enough to say that, on the facts revealed, there is no reversible error. The testimony of the plaintiff to which objection was made was rightly admitted.

*Order dismissing report affirmed.*