ELIZABETH S. CAVERNO *vs.* SARA G. HOUGHTON.

Middlesex.     November 8, 1935. — March 30, 1936.

Present: RUGG, C.J., CROSBY, PIERCE, DONAHUE, & QUA, JJ.

*Negligence*, Motor vehicle, Gross.     *Motor Vehicle*, Registration.

Conduct of the driver of a motor vehicle, in making a sharp turn from the highway and proceeding at the rate of twenty-five miles an hour into a driveway around a large tree in the center of the entrance and over some projecting roots of the tree, did not show gross negligence toward a guest seated at the driver's right who fell out when the door on that side flew open from a cause not shown.

Registration of an automobile was valid under G. L. (Ter. Ed.) c. 90, § 2, upon an application stating as the owner's place of residence a town where he owned a house and lived all the year except four months when, because of the weather, he lived in a neighboring city where he taught school.

TORT. Writ in the Superior Court dated October 17, 1933.

The action was tried before *Collins*, J., who ordered a verdict for the defendant. The plaintiff alleged exceptions.

*F. C. Zacharer*, for the plaintiff, submitted a brief.

*J. H. Gilbride*, for the defendant.

RUGG, C.J. The plaintiff in this action of tort seeks to recover compensation for personal injuries received by her while riding as guest in an automobile owned and operated by the defendant. There are two counts in the declaration, one alleging gross negligence of the defendant, and the other alleging illegal registration of the automobile of the defendant. There was evidence in its aspect most favorable to the plaintiff tending to show these facts: The parties were teachers in the public schools in Gloucester and were friendly with each other. On a November afternoon in 1932 the plaintiff accepted the invitation of the defendant to ride with her in her automobile and entered it on the right side. It was a small type of motor vehicle. The defendant, when opposite the house in which she was living in Gloucester, made a sharp turn to the right into a driveway of a cemetery. In the center of the entrance to this driveway was a large tree with a space of ten feet on the easterly side of the tree to the curbstone on the outer edge of the driveway, and a space of eight feet on the westerly side of the tree to another curbstone. The defendant drove around this tree and in doing so ran over some projecting roots of the tree. She made the turn to drive out to the roadway but before the turn was quite completed the door on the right side of the automobile flew open and the plaintiff fell out and was injured. The speed of the automobile was about twenty-five miles an hour. There was no evidence of any existing defect in the door or of any failure of duty by the defendant with respect to it. The cause of the opening of the door is pure conjecture. The plaintiff, being a guest of the defendant, cannot recover without showing that her injuries were caused by the gross negligence of the defendant. There is no evidence warranting a finding of that nature. *Bank* v. *Satran*, 266 Mass. 253. *Forman* v. *Prevoir*, 266 Mass. 111. *Burke* v. *Cook*, 246 Mass. 518. *Cook* v. *Cole*, 273 Mass. 557. *McKenna* v. *Smith*, 275 Mass. 149. *Desroches* v. *Holland*, 285 Mass. 495. *Adamian* v. *Messerlian*, 292 Mass. 275. *Folan* v. *Price*, 293 Mass. 76. The case is distinguishable from cases like *Learned* v. *Hawthorne*, 269 Mass. 554, *Meeney* v. *Doyle*, 276 Mass.

218, *Lefeave* v. *Ascher*, 292 Mass. 336, and *Channon* v. *Lynch*, 292 Mass. 316.

The defendant at the time of the accident had been a school teacher in Gloucester for eight or nine years. The regulation school period was from the middle of September to the middle of June. She owned a house in Ipswich, about twelve miles from Gloucester, and lived there all the time during each year except during November, December, January and February, when, because of the weather, she roomed and boarded in Gloucester. During these four months she would close her house in Ipswich and would notify the postmaster at Ipswich to forward any mail to her address in Gloucester, wherever it might be. During the remainder of the school year she would go from her home in Ipswich to Gloucester and return by means of her automobile. On January 1, 1932, the defendant was the owner of the automobile involved in the accident and caused it to be registered in this Commonwealth. In the application for registration she stated that her Massachusetts residential address was Bay Road, Ipswich, Massachusetts, and on that application the certificate of registration was issued under date of January 1, 1932. On that date her temporary address was number 166 Washington Street, Gloucester, Massachusetts; her home in Ipswich at that time being closed. This temporary address was not set forth in the application. The requirement of G. L. (Ter. Ed.) c. 90, § 2, is that an application for registration of an automobile shall contain a statement of the name, place of residence, and address of the applicant.

It has not been argued that this evidence was not true. It did not warrant a finding that the defendant had a residence anywhere except in Ipswich. The plaintiff concedes that her domicil was there. It is plain that that was her principal place of actual residence. She had only a temporary abode in Gloucester, which might change from year to year or from month to month. There is nothing in the record to show that the four months in Gloucester were spent at the same habitation. One main purpose of the statement of the residence and address of the applicant in the application for registration is to place upon a public record information

sufficient to afford means for easy identification of the automobile and its owner. *Crompton* v. *Williams*, 216 Mass. 184, 187. *Di Cecca* v. *Bucci*, 278 Mass. 15. *Brodmerkle* v. *Gorolsky*, 293 Mass. 517. Trifling inaccuracies not affecting this statutory design do not invalidate the registration. *Nash* v. *Lang*, 268 Mass. 407, 409. *Topf* v. *Holland*, 288 Mass. 552. Actual physical presence of the defendant in Gloucester rather than in Ipswich on January 1, 1932, the date of the registration, was not a determinative factor in fixing her residence. *Thayer* v. *Boston*, 124 Mass. 132, 144–146. *Tuells* v. *Flint*, 283 Mass. 106. One may have a domicil in one place and a residence in another place at the same time. *Marlborough* v. *Lynn*, 275 Mass. 394. *Martin* v. *Gardner*, 240 Mass. 350. We think it is plain that the residence of the defendant and her address were correctly stated in the application to be in Ipswich. There she owned her home and actually lived eight months in the year. While she was absent it was closed. Her abode in Gloucester for the remaining four months was temporary and not fixed and settled. It did not in the circumstances disclosed constitute her residence. *Harvard College* v. *Gore*, 5 Pick. 370. *Lee* v. *Boston*, 2 Gray, 484. *Doyle* v. *Goldberg, ante,* 105, and cases there reviewed. Since the facts were undisputed and left no room for the drawing of divergent inferences, the question of residence was rightly ruled as matter of law.

*Exceptions overruled.*