Pettingell, P. J.
Plaintiff seeks to recover for injury to her automobile, damaged in a collision with that of the defendant. There was a finding for the defendant. The sole issue is the denial of the plaintiff’s seventh requested ruling, as follows:
“If the plaintiff Nora Ronan, lived eight months of each year and garaged her car at Manchester, Massachusetts eight months of each year, registering her car as of Manchester, Massachusetts, [there] was a legal registering of the car.”
The trial judge in denying this request, found as fact,
‘ ‘ that 'the plaintiff did not have a residence at Manchester, Mass. land that the plaintiff’s only residence was in Newton, Mass.”
There was evidence before the court that the plaintiff lived in her own home with her husband eight months of each year in Manchester, Massachusetts, in a building, separate by itself but on the Phelan Estate; that during the *90 eight months she kept her car there and garaged it there; that for several years past her license to drive and the registration of her automobile had been from that address; that on January 1, 1943, when the plaintiff last registered her automobile, she had also a house at 32 ‘Crosby Road, Newton, Massachusetts, and lived there with her husband; that she lived there four months each year; that she was registered in Newton as a voter in 1942 and 1943; that her telephone, electric and gas bills for the Newton house were in the name of her husband; that the plaintiff had had the same Manchester home for twenty-four years; that in answers to interrogatories put in evidence the plaintiff stated that her address was the Newton house and that the car was garaged there, January 1, 1943, and was garaged there on the day of the accident, which was February 13, 1943.
None of this evidence was contradicted or in dispute.
The finding of fact of the trial judge “that the plaintiff did not have a residence in Manchester, Mass., and that the plaintiff’s only residence was in Newton, Mass.” would dispose of the case without anything further if we could be sure just what the trial judge meant by those words and what principle of law he was applying to the facts before him.
Regardless of what the general opinion has been in the past as to the law in this particular instance, recent decisions of the Supreme Judicial Court have so defined the issues involved in a case such as this that words used in a general sense may not be properly applicable and cannot be used without discrimination. It is now definitely established in connection with the registration of motor vehicles,, that the word “residence” has not the same meaning as. has “domicil”. Tuells v. Flint, 283 Mass. 100, at 109. A person may at the same time have a domicil in one place and a residence in another place, Caverno v. Houghton. *91 294 Mass. 110, at 113. Rummel v. Peters, 314 Mass. 504. So, too, one may have two residences in the Commonwealth. Doyle v. Greenberg, 294 Mass. 105, at 108; as well as one in the Commonwealth and one ont. Avila v. Dupont, 278 Mass, at 87.
“Residence is a word of varied meanings, ranging from domicil down to personal presence with some slight degree of permanence ... It means ‘in general a personal presence at some place of abode with no present intention of definite and early removal and with a purpose to remain for an undetermined period, not infrequently but not necessarily combined with a design to stay permanently. ’ Jenkins v. North Shore Dye House, Inc., 277 Mass. 440, 444” Rummel v. Peters, 314 Mass. 504.
The fact that in this case -the plaintiff’s actual presence on January 1,1943 was in Newton, when she registered her car as of Manchester, or that she was in Newton when the accident happened on February 13, 1943, months when the plaintiff was normally in that latter place, is not determinative in fixing her residence. Caverno v. Houghton, 294 Mass. 110.
The report, when read in view of the evidence heard, the issue presented by the request made and the facts found by the trial judge, presents the picture of a plaintiff who lived in two different houses, one in the summer and one in the winter, and registered her car from one of them. The ruling requested is that the facts that the plaintiff lived as stated in the evidence made the registration of her car from a specified one of the places a valid registration. The trial judge disposed of the request by saying that the plaintiff never had a residence in the specified place, that her “only residence” was in the other. The immediate reaction from this is that what he was in effect saying was that her Newton home was her domicil; that it was *92 the place from which she registered as a voter; and that the Manchester home had no status which entitled her to register her car from it but was merely a summer home.
The trial judge, if the facts warranted such a result, could have found that he did not believe the plaintiff’s testimony that she had lived in the Manchester home every summer for twenty-four years, or that she was there in the summer of 1942. A finding of fact to that effect would have been final and decisive. As the case stands, such a finding would beyond doubt explain the judge’s action but it is not anything that is implicit in his ruling or finding. It is a possible explanation but it is not one that is required, and it is not one which on the facts of the case seems a plausible reason for his action when all the circumstances of the case are considered. Such a reason would be a belief on his part that legal registration could exist only if effected from the plaintiff’s domicil. But “the propriety of the plaintiff’s registration of her automobile . . . did not depend upon the place of her legal residence.” Russell v. Holland, 309 Mass. 187, at 193. As to “legal residence,” see Rummel v. Peters, 314 Mass. 504; for residential address, see Topf v. Holland, 288 Mass. 552, at 554. These are each distinct from domicil and may be distinct from residence, also. In Topf v. Holland, supra, registration from a residential address was held good. See also, Doyle v. Greenberg, 294 Mass. 105, in which the plaintiff had two residences and registration of her automobile from one of them was held good.
The issue raised by the ruling requested seems to be whether the Manchester home wras such a residence that it could be used with propriety for registering the plaintiff’s automobile. The trial judge’s decision intimates that he believed such use was not proper as matter of law. If such was his legal view he was clearly wrong.
*93 Because of the uncertainty as to what principle of law the trial judge considered applicable to the facts, the finding for the defendant is to be set aside and the case is to stand for a new trial. Clarke v. Massachusetts Title Insurance Co., 214 Mass. 31, at 32, 33. DeYoung v. Andrews Co., 214 Mass. 47, at 50. Kaufmann v. Sydeman, 251 Mass. 210, at 217. Russell v. Foley, 278 Mass. 145, at 149. Minsk v. Pitaro, 284 Mass. 109, at 115. Bresnick v. Heath, 292 Mass. 293, at 299. Markiewicz v. Toton, 292 Mass. 434, at 437. Commonwealth v. Albert, 210 Mass. 811, at 821.
Finding for the defendant vacated, case to stand for a new trial.