*Northern District*

No. 5339

**WILLIAM I. SHINNICK**

v.

**WILLIAM C. CROOK, SR.**

(February 12, 1960)

*Present:* Gadsby, J. (Presiding) & Eno, J.

Case tried to *Connolly, J.*, in the Third District Court of Eastern Middlesex. No. 1191 of 1958.

*Eno, J.* This is an action of tort to recover for damages to a motor vehicle of the plaintiff. The defendant's answer is a general denial and an allegation that the plaintiff's automobile was illegally registered.

There was evidence from which the Court made the following findings of facts:

"Memorandum Of Finding"

I find that the automobile of the Plaintiff, damaged in the ⸱ accident which is the subject matter of this suit, was illegally registered. That as a consequence, although the Defendant

was negligent and the Plaintiff in the exercise of due care (apart from the illegal registration), the Plaintiff cannot recover.

At the time he applied for the registration in question, I find that the Plaintiff had but one residence and that was at the Rectory in the parish in Roxbury to which he was assigned as a Curate. This Rectory was situated at 26 Lawrence Avenue in said Roxbury. The address at 53 Newton Street, Belmont, the home of the mother of the Plaintiff, may have offered the Plaintiff a mailing address but it was not his residence as referred to in Chapter 90, Section 2.

While I do not find that the Plaintiff was guilty of bad faith, I do find that the error in the address of his residence was not "a mistake" as defined in *Munson v. Bay State Company,* 314 Mass. 485 at 491.

I treat Defendant's Requests for Rulings as waived."

## The Court found for the defendant.
## The trial judge granted the following requests for rulings of the plaintiff:

2. There is sufficient evidence to warrant a finding for the plaintiff.

3. There is sufficient evidence to warrant a finding that the plaintiff vehicle was legally registered.

4. As a matter of law, a person can have two places of residence in Massachusetts. *Doyle v. Goldberg,* 294 Mass. 105.

5. Good faith of designation of place of residence made by an applicant for registration of automobile is presumed in absence of proof to the contrary. Gen. Laws (Ter. Ed.) Chapter 90, Section 2.

6. Applicant for registration of automobile can have more than one residence, notwithstanding that he can have but one domicile. *Doyle v. Goldberg,* 294 Mass. 105 Gen. Laws (Ter. Ed.) Chapter 90, Section 2.

7. Actual presence in one municipality or another on par-

ticular date is not conclusive of place of residence of applicant for registration of automobile. *Doyle v. Goldberg,* 294 Mass. 105 Gen. Laws (Ter. Ed.) Chapter 90, Section 2.

8.  A mistake in statement in application for registration of automobile or in certificate of registration regarding place of residence or the address of the owner of automobile does not invalidate its registration. *Russell v. Holland,* 309 Mass. 187 Statute 1934, Chapter 361.

9.  The word "mistake" as used in Chapter 90 (Ter. Ed.) Section 9 includes only a complete honesty of purpose accompanied by blameless oversight or ignorance of facts and excludes willful omission, intentional failure, heedless or reckless conduct in view of known facts. *MacInnis v. Morrissey,* 298 Mass. 505; *Matherson v. Dickson,* 310 Mass. 18-36.

11. An applicant for registration may have a domicile and principal place of actual residence and also have another residential address, especially where one address was only a temporary abode which might change from year to year or from month to month. *Caverno v. Houghton,* 294 Mass. 110.

12. Actual physical presence of applicant for registration of automobile held not determinative factor in fixing residence for purpose of registration of automobiles. *Caverno v. Houghton,* 294 Mass. 110.

13. Although answers on an application of registration are not strictly accurate nor completely responsive to questions pertaining to residence, if the answers do not affect the main purpose of the registration nor interfere with an easy identification of the applicant they do not render the registration illegal. The purpose of the Statute is to identify the owner and variations from the literal terms of the Statute not affecting this purpose in material particulars do not invalidate the registration and make

the vehicle an outlaw on the highway. *Topf v. Holland,* 288 Mass. 552; Chapter 90, Section 2 Gen. Laws (Ter. Ed.).

14. The owner of a motor vehicle was not as a matter of law guilty of bad faith if, in determining in which of two municipalities, where he resided at different periods of the year, he should register his motor vehicle, he chose the one having the lower rate of insurance. *Doyle v. Goldberg,* 294 Mass. 105.

16. As a matter of law, the Court is warranted in finding that the statements in the application and certificate of registration of the plaintiff, who is a secular Catholic priest, were true when applied to his established habits of life, and if there was error it was an unintentional mistake and not due to intentional conduct or design on the part of the plaintiff.

By the allowance of said requests for rulings the trial judge properly instructed himself that a finding for the plaintiff was permissible. However the allowance of these requests did not compel a finding in his favor. *Ryerson v. Fall River Philanthropic Society,* 315 Mass. 244, 254.

The plaintiff claims to be aggrieved only by the denial of his requests numbered 1 and 15.

The first request was

"1. On all the evidence there should be a finding for the plaintiff."

Since this request fails to include any specifications as required by Rule 27 of the Rules of District Courts (1952) we do not review this ruling. *Forbes v. Gordon & Gerber Inc.,* 298 Mass. 91, 95; *Okin v. Sullivan,* 307 Mass. 227, 228.

The other denied request by which the plaintiff claims to be aggrieved was:

"15. Massachusetts Law under Chapter 90, Section 2 which section pertains to the registration of a motor vehicle makes no provision for declaring a vehicle to be illegally registered because of the fact that an applicant for registration has given a name or address or the place where such vehicle is principally garaged which is later found to be false as the law provides punishment for this offense under Chapter 90, Section 24, paragraph 2A by making this fraudulent statement a criminal offense but does not make any provision warranting the vehicle to be illegally registered and an outlaw on the highway."

While this request might well have been granted, we think that it became inapplicable or immaterial in view of the judge's findings of facts. *Strong v. Haverhill Electric Co.,* 299 Mass. 455; *Himelfarb v. Novadel Agene Corp.,* 305 Mass. 446, 448; *Connell v. Maynard,* 322 Mass. 245, 246; *Horton v. Tilton,* 325 Mass. 79; *Russell v. First National Stores,* 335 Mass. 768.

The question of one's place of residence in a case like the one before us is usually one of fact for the trial judge sitting as a tryer of facts. *Harnden v. Smith,* 305 Mass. 485, 487; *Russell v. Holland,* 309 Mass. 187.

The law in effect at the time of the occurrence of the collision on which this action is founded was that "an improperly registered vehicle is a 'trespasser' and a nuisance, and that the illegal quality in the act of driving it permeates every movement of the operator and directly contributes as a cause of the in-

jury" *Dean v. Leonard,* 323 Mass. 606, 609; and cases cited therein.

In that last cited case the Court recognized that this was a "severe rule". It has since been abrogated by the enactment of Acts 1959, Chapter 205, which amends section 9 of G. L. chapter 90.

The plaintiff is unfortunately not helped by this change in the law, as it became effective only on August 2, 1959.

Therefore, since there was no prejudicial error in the denial of the plaintiff's two requests for rulings the report is to be dismissed.

Paul J. Donaher of Boston, for the Plaintiff.

Coplen & McAvoy of Boston, for the Defendant.