JESSIE E. JENKINS, administratrix, *vs.* NORTH SHORE DYE HOUSE, INC.

Norfolk. November 4, 1931. — December 3, 1931.

Present: RUGG, C.J., PIERCE, WAIT, SANDERSON, & FIELD, JJ.

*Motor Vehicle*, Registration, Operation. *Practice, Civil*, Requests, rulings and instructions. *Words*, "Nonresident."

The provisions as to nonresidents in G. L. c. 90, § 1, as amended by St. 1923, c. 464, § 1, and St. 1924, c. 189, have no application to an automobile belonging to one who has given up his residence in another State and has taken up a residence in this Commonwealth.

At the trial of an action of tort for the causing through negligence of the death of the operator of an automobile, there was evidence that the operator formerly had lived in Rhode Island; that the automobile was registered in Rhode Island and not in this Commonwealth; that he gave up his home in Rhode Island and on August 18, 1927, took up his residence, if not his domicil, in this Commonwealth; and that the accident resulting in his death was on a public way in this Commonwealth on September 12, 1927. *Held*, that if the jury found in accordance with such evidence, the provisions as to nonresidents in G. L. c. 90, § 1, as amended by St. 1923, c. 464, § 1, and St. 1924, c. 189, were not applicable, and the jury should have been so instructed.

A trial judge cannot be required as a matter of law to single out a part of all the evidence at a trial and give an instruction based only upon that part.

The fact that the jury might have believed evidence, at the trial above described, that the decedent was upon the road examining his automobile at the time of his injury, did not prevent his being found to have been operating his automobile contrary to law and to have been an outlaw upon the highway at the time he was struck.

TORT. Writ dated December 20, 1927.

In the Superior Court, the action was tried before *Brown*, J. Material evidence and rulings and instructions by the judge are described in the opinion. There was a verdict for the plaintiff in the sum of $4,665. The defendant alleged exceptions.

*F. G. Katzmann*, for the defendant, submitted a brief.

*W. A. Murray*, for the plaintiff.

RUGG, C.J. This is an action of tort to recover for fatal injuries received by the plaintiff's intestate on September 12, 1927, in Milford, in this Commonwealth, through the alleged negligence of an agent of the defendant operating, in the course of his employment, an automobile truck. No question is now made touching the negligence of the defendant's agent, or the due care or contributory negligence of the deceased. The question of law to be determined relates to the right of the deceased in his automobile upon a highway in this Commonwealth under a Rhode Island registration.

The evidence was conflicting whether the deceased was at the time of his injuries running his automobile or whether his automobile was stationary by reason of contact

with another automobile and was being examined by the
deceased. There was evidence tending to show that the
deceased with his wife had resided in Providence, in the
State of Rhode Island; that about May, 1927, the apart-
ment previously occupied by them in that city was given
up; that then the deceased occupied a room in a lodging
house and the wife went to Wrentham, in this Common-
wealth, to have a house theretofore owned by her repapered
and painted; that the deceased ended his work in Provi-
dence about July 12, but remained there until about July
19, 1927, and thereafter had no place of abode in Provi-
dence; that then, with his wife, he visited in Maine until
August 18, 1927, when they both went to the house owned
by the wife in Wrentham, to which their household effects
had earlier been removed; that they lived thereafter in
that house until the date of the fatal injuries; that the
deceased registered his automobile in March, 1927, in the
State of Rhode Island, and had an operator's license from
the same State; that he was driving his car on the day of
the fatal accident under the Rhode Island registration and
operator's license, and had no Massachusetts registration;
and that during the period after August 18, 1927, the de-
ceased worked in this Commonwealth. Thus there was
evidence from which the jury might have found that the
deceased gave up his home in Rhode Island in July and
took up his residence, if not his domicil, in Massachusetts
on August 18, 1927. In this state of the evidence the
defendant requested an instruction to the effect that, if the
jury found that at any time prior to the date of his fatal
accident the deceased intended to make Massachusetts his
residence and executed that intent by actually residing
within the Commonwealth, the automobile should have
been registered forthwith in Massachusetts, and the failure
of the deceased to have this done made his automobile an
outlaw and trespasser upon the highway. As to the subject
matter of this request the judge instructed the jury that the
deceased, a resident of Rhode Island at the time he registered
his automobile in that State, "was entitled, no matter
what his intention was on the eighteenth day of August, to

thirty days' place of abode or business in this State before it became necessary for him to get a Massachusetts registration." There was amplification of this statement with detailed directions for the ascertainment of the thirty days. Exceptions were duly saved to the refusal to grant the request and to the instructions as given.

It was provided by G. L. c. 90, § 1, as amended by St. 1923, c. 464, § 1, and St. 1924, c. 189, in force at the time of the accident here in issue, that "non-resident" as used in the automobile laws shall mean "any resident of any state or country who has no regular place of abode or business in the Commonwealth for a period of more than thirty days in the year; provided, that any such resident who owns a commercial motor vehicle which is operated in the Commonwealth for more than thirty days in the year shall not, as to such vehicle, be deemed a non-resident." It was also provided by G. L. c. 90, § 3, as amended by St. 1923, c. 431, § 1, in force at the time of the injury to the deceased, that ". . . a motor vehicle or trailer owned by a non-resident who has complied with the laws relative to motor vehicles and trailers, and the operation thereof, of the state or country in which he resides may be operated on the ways of this Commonwealth without registration . . . provided, that said state or country grants similar privileges to residents of this Commonwealth . . . and the registrar shall determine what states or countries grant similar privileges and the extent of the privileges so granted, and his determination shall be final."

The phraseology of said § 1 defining "non-resident" might have been more clear. (See now St. 1931, c. 142, § 1.) Whatever else may be said concerning the word "non-resident" we do not think it can have been intended to comprehend residents. That would be a contradiction of terms. It cannot in our opinion rightly be construed to mean that one who has been a nonresident but who has ceased to be a nonresident because he has removed his residence from another State or country to this Commonwealth is entitled to the immunity extended to a nonresident. The statute is designed to afford to such nonresident the protection of the

automobile registration of his home State or country during a temporary sojourn within this Commonwealth not exceeding a period of thirty days. But it does not extend such protection to one who has abandoned his foreign residence and taken up his abode within this Commonwealth. All such persons are governed by the usual laws controlling the automobile activities of residents of the Commonwealth. Any other interpretation would in conceivable instances enable a roving resident of the Commonwealth not remaining more than thirty days in one abode to escape registration according to the laws of the Commonwealth for considerable periods. Any different construction would impute to the General Court a confusion of thought and incompatibility of terms.

There was ample evidence to support a finding that the deceased took up his residence in this Commonwealth August 18, 1927, when he began living in Wrentham, and at that time gave up his residence in Providence and therefore ceased to be a nonresident. "Residence" means in general a personal presence at some place of abode with no present intention of definite and early removal and with a purpose to remain for an undetermined period, not infrequently but not necessarily combined with a design to stay permanently. *Briggs* v. *Rochester*, 16 Gray, 337. *Martin* v. *Gardner*, 240 Mass. 350. *Marlborough* v. *Lynn*, 275 Mass. 394, 397–398, and cases collected. We are of opinion that the requested instruction ought to have been given and that the instruction actually given was erroneous.

The other request of the defendant was denied rightly. It was to the effect that upon the testimony of his widow the deceased was a resident of this Commonwealth at the time of his injury. Whether he was such a resident was a question of fact to be determined upon all the evidence and the proper inferences to be drawn from the facts and testimony. The trial judge was not required to single out a part of all the evidence and give an instruction upon that part. *Ayers* v. *Ratshesky*, 213 Mass. 589, 593. *Selectmen of Wakefield* v. *Judge of the District Court*, 262 Mass. 477, 484.

If the deceased had become a resident of Massachusetts

prior to the accident he was required to have his automobile registered under the laws of this Commonwealth and was not entitled with respect to it to the rights of a nonresident. *Hanson* v. *Culton,* 269 Mass. 471.

The circumstance that the decedent may have been upon the road examining his own automobile at the time of his injury did not prevent him from being found to be operating his automobile contrary to law and being an outlaw upon the highway. *Commonwealth* v. *Henry,* 229 Mass. 19, 22. *Reynolds* v. *Murphy,* 241 Mass. 225.

*Exceptions sustained.*