FREDERICK L. EWELL *vs.* CAMILE CARDINAL.

JULY 8, 1933.

PRESENT: Stearns, C. J., Rathbun, Sweeney, Murdock, and Hahn, JJ.

SWEENEY, J. This is an action of the case for negligence to recover damages for personal injuries. Defendant filed

a plea of the general issue and a special plea. The court overruled plaintiff's demurrer to the special plea ,and plaintiff's exception was noted. Plaintiff then requested the court to enter judgment for the defendant, which was done. The case is now before this court on plaintiff's exception to the decision of the court overruling his demurrer to defendant's special plea.

Defendant makes the point that plaintiff can not prosecute a bill of exceptions after "judgment" but only after final "decision." When plaintiff's demurrer to the special plea was overruled, he could not bring the case to this court on exception to this ruling because it was not a final decision upon the merits. *McDonald, Admx.* v. *Providence Tel. Co.,* 27 R. I. 595; *Troy* v. *Providence Journal Co.,* 43 R. I. 22; *Fudim* v. *Kane,* 47 R. I. 357; *Gratton* v. *Harwood,* 53 R. I. 94.

Plaintiff evidently considered that the right to maintain his action depended upon the legal effect of the facts alleged in defendant's special plea. To get a review of the decision overruling his demurrer to this plea it was necessary to have a final decision of the case in the Superior Court. To accomplish this purpose plaintiff's attorney inadvertently requested the court to enter "judgment" instead of "decision" for the defendant upon the pleadings. For this reason we will consider the case as though a "decision" instead of a "judgment" had been entered for defendant; and we hold that the bill of exceptions is properly before the court.

The declaration alleges that October 24, 1931, defendant, a resident of Massachusetts, permitted his motor truck to be parked on the Canton-Stoughton highway in said State; and that, as a consequence of the absence of lights on the rear of his truck, plaintiff's automobile ran into it and plaintiff was seriously injured. Defendant averred in his special plea in bar that plaintiff's automobile was not registered in such manner as to allow it lawfully to be driven on the public highways of Massachusetts; that in driving his unregistered automobile on said highways plaintiff was

a trespasser according to the laws of Massachusetts and that defendant did not owe him the duty set forth in plaintiff's declaration

The important question raised by plaintiff's demurrer to the plea is whether the rights of the parties are governed by the laws of the state where the accident occurred.

This is an action *ex delicto* as distinguished from an action *ex contractu*. As a general rule an action *ex contractu* may be enforced in any state, but liability for a tort depends upon the law of the state within which the tortious act occurred. This court has held that the law of the state where the injury was received determines whether a right of action exists. *Pendar* v. *H. & B. Am. Machine Co.*, 35 R. I. 321; *Kwasniewski* v. *N. Y., N. H. & H. R. R. Co.*, 53 R. I. 144; *O'Reilly* v. *N. Y. & N. E. R. R. Co.*, 16 R. I. 388. This is the general rule. 12 C. J. 452; 5 R. C. L. 1038.

Plaintiff admits, by his demurrer, that his automobile was not registered. His reason for failing to register it is immaterial in this case.

The Supreme Court of Massachusetts decided in 1909, in the case of *Dudley* v. *Northampton St. Ry. Co.*, 202 Mass. 443, that the legislature of that state intended to outlaw unregistered automobiles and to give them, as to persons lawfully using the highways, no other right than that of being exempt from reckless, wanton or wilful injury. This construction of the legislative intent has been repeatedly affirmed by that court: *Brown* v. *Alter*, 251 Mass. 223; *Hanson* v. *Culton*, 269 Mass. 471. In an opinion by the justices of the court to the Senate and House of Representatives, 251 Mass. 569 at 598, they said: "The presence of an unregistered motor vehicle on the highway has been outlawed and declared a nuisance." This rule prevailing in Massachusetts is contrary to that in a majority of the states, including our own. 61 A. L. R., note 1191. In *Marquis* v. *Messier*, 39 R. I. 563, this court held that the fact that plaintiff, at the time he was injured in this State, had no license to drive his motor vehicle upon the highways could not be set up as a defense by the defendant.

Plaintiff cites the case of *Baldwin* v. *Barney*, 12 R. I. 392, in support of his contention that he should be permitted to maintain his action. We think the doctrine of this case cannot be applied to a case where the courts of Massachusetts have clearly stated that the driver of an unregistered automobile upon the highways in that state has no right except that of being exempt from reckless, wanton or wilful injury. Such conduct on the part of defendant is not alleged in plaintiff's declaration. Defendant is setting up a defense given him by the laws of the state where he resides and the cause of action arose and, under the authorities, we are of the opinion he has the right to plead this defense.

Plaintiff's exception is overruled. The case is remitted to the Superior Court for the entry of judgment for defendant.

*William A. Gunning*, for plaintiff.

*McGovern & Slattery, Fred B. Perkins, William E. McCabe*, for defendant.