Duff, J.
In this action for property damages to an automobile in a collision, the only question we are asked to determine is whether the plaintiff’s automobile was a *265 trespasser on the highways of Massachusetts at the time of the collision.
The court found for the plaintiff.
Plaintiff’s automobile was registered only in New Hampshire, where he resided with his son, who was duly licensed in New Hampshire as an operator; the son was a traveling salesman for Brown & Co., Portland, Maine, covering Maine, New Hampshire and Massachusetts, and with plaintiff’s knowledge and consent was operating plaintiff’s car in Massachusetts on his own business on his way home to New Hampshire when the collision occurred.
Neither plaintiff or his son had ever applied for or obtained the permit for operation in Massachusetts by nom residents referred to in Gen. Laws (Ter. Ed.), Chap. 90, ^3, the pertinent part of which is found in lines 11, 12 and 13, as follows: “. . . provided, that no motor vehicle or trailer owned by a non-resident shall be so operated beyond the expiration of a period of thirty days, except ...” etc.
Plaintiff’s son had so operated the automobile, in no way upon plaintiff’s business, for an aggregate of at least 100 days from January 1, 1932, to and including November 17, 1932, but not for any continuous period of thirty days in succession, without leaving Massachusetts. .
Plaintiff quotes from the opinion in Jenkins, Admx., v. North Shore Dye House, Inc., 277 Mass. 440, at 443 and 444, “The statute is designed to afford to such non-resident the protection of the automobile registration of his home state or country during a temporary sojourn within this Commonwealth not exceeding a period of thirty days.” Defendant’s exceptions in that case were sustained on the question whether plaintiff had lost his non-resident privileges by becoming a resident. The language quoted was also quoted later in Bellanger v. Monahan, 282 Mass. 523, at 530, as well as in Jenkins, Admx., v. North Shore Dye House, Inc., Mass. Adv. Shts., 1935,—769, at 775.
*266 Hanson v. Culton, 269 Mass. 471, cited by defendant was decided on the ground that plaintiff was not in fact a nonresident of the Commonwealth. There is no claim before us that this plaintiff was not a non-resident. But in Jenkis, Admx., v. North Shore Dye House, Inc., Mass. Adv. Shts., 1935 (Mar. 8), 769, the court said, at pages 775 and 776, “The defendant, however, contends that in computing the 30-day period during which the intestate as a nonresident owner was under the statutes privileged to operate his vehicle in this state during the year there should be added to the 24 days he was here in August and September the 25 days he spent in the ¡state in January and February . . . Plaintiff’s intestate during his stay in the state earlier in the year was not the owner of an automobile and was thus not then a person of the class which the statute was designed to privilege and protect. As a non-resident owner of an automobile he had a place of abode or business within the. Commonwealth only 24 days in the year.”
The reasonable inference from the language last quoted seems to be that had the plaintiff owned the ear during the 25 days in January and February, those days would have been added to the 24 days in August and September, and would have exhausted his 30 days non-resident privilege.
No direct decision of the precise question here involved is before us.
We are not willing to say that the owner of this automobile, operated on Massachusetts highways upon at least 100 days (which just as well might have been 350 days) in one year, is protected and exempted from our laws as ‘ ‘ during a temporary sojourn within the Commonwealth not exceeding a period of 30 days.”
Massachusetts is alone in exacting compulsory insurance on the part of those who use our highways; and less *267 effective protection of those liable to injury is required in neighboring states. To convert a transient privilege, based on considerations of reciprocity, into a chronic “in-and-out” permission would seriously effect the central purpose of our registration laws. The passage of Stat. 1933, c. 188, appears to us to be the removal of a doubt as to meaning rather than a change in the pre-existing law.
In our opinion plaintiff’s automobile was a trespasser on the highway, plaintiff was not entitled to recover property damages, defendant’s requests should have been allowed, and there should be judgment for the defendant.
So ordered.