**T. P. LABORATORIES, INC., an Indiana corporation**

v.

**Gerald W. HUGE and Dental Corporation of America, a Maryland corporation.**

**DENTAL CORPORATION OF AMERICA, Counter-Claimant,**

v.

**T. P. LABORATORIES, INC., Counter-Defendant.**

Civ. A. No. 12527.

United States District Court
D. Maryland.

Sept. 19, 1961.

John H. Skeen, Jr., Skeen, Wilson & Coughlin, Baltimore, Md., Lloyd C. Root, Lloyd L. Zickert, Marzall, Johnston, Cook & Root, Chicago, Ill., of counsel, for plaintiff.

Herbert M. Brune, Baltimore, Md., Jerome M. Alper, Bernstein, Kleinfeld & Alper, Washington, D. C., Bartholomew Diggins, Diggins & LeBlanc, Washington, D. C., of counsel, for Dental Corp. of America.

Harry O. Levin and Marshall A. Levin, Baltimore, Md., and Allan B. Wheeler, Wheeler, Wheeler & Wheeler, Milwaukee, Wis., for Gerald W. Huge.

R. DORSEY WATKINS, District Judge.

The plaintiff has brought suit against Gerald W. Huge (Huge) and the Dental Corporation of America for alleged infringement of certain letters patent owned by plaintiff. Individual defendant Huge has filed five motions, four of which can be disposed of summarily. Only the first motion will require extended discussion. A hearing was had on the motions; certain tentative rulings were indicated by the court, and the plaintiff was given an opportunity thereafter to take the deposition of defendant Huge.

The second motion to dismiss or in the alternative to strike certain paragraphs of the complaint is directed primarily to any count, or paragraph, of the complaint relating to the alleged disclosure of confidential information by defendant Huge, on the grounds that the requisite jurisdictional facts have not been pleaded and that some paragraphs of the complaint do not conform to Rule 10(b), F.R.Civ.P., 28 U.S.C.A., in that they are not limited to a statement of a single set of circumstances and in that several claims, instead of a single claim, are stated therein. Plaintiff is not asserting a cause of action based upon a wrongful disclosure of confidential information. The allegations in respect to a disclosure are merely an attempt by plaintiff to set forth background information and may be relevant to show a deliberate, wilful and intentional infringement. The second motion will, therefore, be denied.

The third motion is also to strike every allegation in the complaint concerning the alleged disclosure of confidential information, techniques and know-how; or in the alternative to have the court order plaintiff to amend its complaint to be more definite. This ground of complaint is a matter better resolved through the use of interrogatories and/or the taking of depositions. Counsel for defendant Huge accordingly waived in open court, and do not now press, the third motion.

The fourth motion, to dismiss on the ground that the complaint does not state facts sufficient to constitute a cause of action against defendant Huge, is denied on the present state of the record in view of the fact that there is a flat charge by the plaintiff that the individual defendant Huge was a co-infringer, along with the corporate defendant, of plaintiff's patents.

The fifth motion is to dismiss on the ground that the patentee of patents in suit has not been made a party plaintiff and that he is an indispensable party, the theory of defendant Huge being that the patentee has been guilty of improper conduct and that such improper conduct cannot be adequately raised unless he is a party to the suit. As the patentee's assignment to the corporate defendant together with a right to recover for any and all past infringements of said letters patent would seemingly be taken by the plaintiff subject to defenses which would be available as against the assignor, defense counsel conceded in open court that

the fifth motion to dismiss would be more properly treated as a matter for pleading in any answer to be filed.

The first motion to dismiss and to quash service upon defendant Huge is premised on the contention that he was not, within the meaning of Title 28 U.S. C.A. § 1400(b), a resident of this district at the time that he was served with the summons and complaint in the instant case. Title 28 U.S.C.A. § 1400(b) provides in pertinent part:

"Any civil action for patent infringement may be brought in the judicial district where the defendant resides, * * *."

The question was initially briefed by both parties and argued orally before the court. As the issue is in great measure a factual one and the only statement of facts before the court was an affidavit of defendant Huge consisting of less than two pages, the court withheld ruling on the motion to allow the plaintiff to take Huge's deposition. That has been done and a rather detailed statement of his testimony by deposition becomes necessary.

Huge was first employed by the corporate defendant, a Maryland corporation having its principal place of business in Washington, D. C., in October 1959. He went with the company as its president and general manager. He was then renting a home in Silver Spring, Maryland. In January of 1960, he and his family moved into a home he had purchased in Silver Spring, Maryland. During June and July of 1960, he discussed with the chairman of the board of the defendant corporation the possibility of his leaving the employ of the defendant corporation. By July 11, 1960 Huge had definitely made up his mind to resign and so notified the chairman of the board of defendant corporation. Around the middle of July he personally advertised his Silver Spring, Maryland home for sale and several days thereafter turned it over to a realtor who drew up a satisfactory agreement for the sale of the house between the ultimate purchasers and the individual defendant on July 31, 1960. The purchasers were to take possession on October 1, 1960. Meanwhile, between July 11, 1960 and the middle of August, Huge and his wife wrote to the Chambers of Commerce in various cities including Racine, Wisconsin; Madison, Wisconsin; Provo, Utah; Fayetteville, Arkansas; Ogden, Utah and Colorado Springs, Colorado. The tenor of the letters was the seeking of information sufficient to enable Huge and his wife to make a decision as to where they would like to move. According to Huge's testimony, in the middle of August he and his wife "arbitrarily decided" that they would move to Racine, Wisconsin. The facts are that on August 5, Huge began a two-week vacation. He left Silver Spring, Maryland and drove with his wife and four children to LaPorte, Indiana. He and his wife remained in LaPorte from August 7 to August 14, visiting his father and his wife's mother and father. Leaving the children with their grandparents, Huge and his wife then drove to Racine, Wisconsin. They were in Racine from August 15 through August 18 and during the entire period stayed at the home of the defendant's mother's aunt. On August 17, Huge rented a post office box in Racine, Wisconsin for the period ending June 31, 1961. He began using it immediately for both business and personal mail and had continued its use up until the time of the taking of his deposition. On August 18, Huge and his wife agreed to take a one-year lease to run from October 1, 1960 to October 1, 1961 on a house located in Racine, Wisconsin. Huge, however, orally agreed to pay one-half of one month's rent for the last half of September, 1960. The lease was drawn up and within about a week or ten days was sent to Huge at his Silver Spring, Maryland address, where it was signed by Huge and mailed back to the realtor in Racine. Huge and his wife left Racine on August 18 and returned to LaPorte, Indiana, where they spent the night and then drove to Silver Spring, Maryland with the children, arriving around August 19. Final settlement on

the sale of the Maryland house was made on September 1. An estimate on moving costs was obtained on September 12. The attorney representing the buyer of the Silver Spring house sent Huge on September 14 at his Racine, Wisconsin address copies of the close out papers relative to the sale of the Maryland house. Mr. Huge terminated his employment with the corporate defendant on September 23, 1960, approximately a week having been spent by him in training a replacement who had just been found for him. The household effects and furnishings belonging to Mr. Huge were picked up by the moving men between two and three p. m. on September 28. Mr. Huge and his family left the District of Maryland immediately thereafter and spent one evening in Pennsylvania and arrived in LaPorte, Indiana late in the evening of the 29th, where they stayed until Saturday, October 1st. From there they drove to Racine. The furniture which had been moved by van was not delivered in Racine until October 3rd or 4th. Mr. Huge had himself brought a trailer load of personal effects along in order to enable the family to live in the Racine house until their major belongings arrived. This suit was filed on September 28, 1960 and representation having been made to this court that defendant Huge was about to leave the District of Maryland so that immediate service of process was imperative, a special appointment was made pursuant to Rule 4(c) F.R. Civ.P., 28 U.S.C.A. to effect prompt service of process on both the individual and corporate defendants. Thus it was that on September 28, 1960 at 1:40 p. m. defendant Huge was handed a copy of the summons and complaint in the instant suit while he was at the Silver Spring, Maryland address. The question presently before the court is whether or not at that time Mr. Huge was *residing* in Maryland.

Defendant argues that "where defendant resides" as used in the statutory provision previously quoted means where defendant is domiciled, while plaintiff asks the court to equate the word "resides"

to bodily presence as an inhabitant in a given place. The Court of Appeals for the Fourth Circuit and this court have had occasion to define the word "resident" in various contexts more than once. In construing a tax statute Circuit Judge Dobie speaking for the Fourth Circuit stated in Commissioner of Internal Revenue v. Swent, 1946, 155 F.2d 513, at page 515, certiorari denied 1947, 329 U.S. 801, 67 S.Ct. 491, 91 L.Ed. 685:

"The word 'resident' (and its antonym 'non-resident') are very slippery words, which have many and varied meanings. Sometimes, in statutes, residence means domicile; sometimes, as in the instant case, it clearly does not. When these words, 'domicile' and 'residence', are technically used by persons skilled in legal semantics, their meanings are quite different. This distinction is clearly set out in Matter of Newcomb's Estate, 192 N.Y. 238, 250, 84 N.E. 950, 954:

"'As "domicile" and "residence" are usually in the same place, they are frequently used, even in our statutes, as if they had the same meaning, but they are not identical terms, for a person may have two places of "residence," as in the city and country, but only one "domicile." "Residence" means living in a particular locality, but "domicile" means living in that locality with intent to make it a fixed and permanent home. "Residence" simply requires bodily presence as an inhabitant in a given place, while "domicile" requires bodily presence in that place and also an intention to make it one's domicile.'"

See also Myers v. Commissioner of Internal Revenue, 4 Cir., 1950, 180 F.2d 969, 971; Suit v. Shailer, D.C.D.Md.1937, 18 F.Supp. 568, 571; White v. Hofferbert, D.C.D.Md.1950, 88 F.Supp. 457, 465.

■ Whether the venue provision relative to patent infringement suits be construed as requiring domicile or as requiring only residence, as those terms are defined and distinguished in the

above quotation, the result in the instant case would be the same. The facts of this case show clearly that defendant Huge was not domiciled within this district at the time of service of process upon him. From the middle of July on he had no intention whatsoever of remaining in Maryland.[1] Every act of his thereafter supports his testimony in this respect. However, the mere intention to leave this district even if coupled with preparatory acts calculated to result in actual removal from this district is not sufficient to bring about a change in domicile.[2] Pacific Mutual Life Ins. Co. of California v. Tompkins, 4 Cir., 1900, 101 F. 539, 543, certiorari denied 1900, 179 U.S. 683, 21 S.Ct. 916, 45 L.Ed. 385. The crucial date for the purposes of this case thus becomes the middle of August when defendant Huge and his wife went to Racine, Wisconsin with the fixed intent to make that city their permanent home. In staying in Racine for four days with such a firm intent, as evidenced by the rental and use of a post office box for business and personal mail and by the renting of a home and the paying of one-half of a month's rent for the last half of September[3], defendant Huge effected a change in domicile. As was stated by the Supreme Court of Appeals of West Virginia in White v. Tennant, 1888, 31 W.Va. 790, 8 S.E. 596, 597:

" * * * Two things must concur to establish domicile,—the fact of residence, and the intention of remaining. These two must exist, or must have existed, in combination. There must have been an actual residence. The character of

the residence is of no importance; and, if domicile has once existed, mere temporary absence will not destroy it, however long continued. Munro v. Munro, 7 Clark & F. 842. The original domicile continues until it is fairly changed for another. It is a legal maxim that every person must have a domicile somewhere; and he can have but one at a time for the same purpose. From this it follows that one can not be lost or extinguished until another is acquired. Baird v. Byrne, 3 Wall. Jr. 1. When one domicile is definitely abandoned and a new one selected and entered upon, length of time is not important; one day will be sufficient, provided the animus exists. Even when the point of destination is not reached, domicile may shift in itinere, if the abandonment of the old domicile, and the setting out for the new, are plainly shown. Munroe v. Douglas, 5 Madd. 405. Thus a constructive residence seems to be sufficient to give domicile, though an actual residence may not have begun. Whart.Confl.Law, § 58."

It has also been held that the "length of the residence is immaterial provided the other elements are present and are found to exist. A day or an hour, it has been said, will suffice for the acquisition of a domicile. Jacobs, Law of Domicile, § 134, note. * * * and a domicile may be acquired in another State or country even if the party has not determined in what particular place he will take up his residence. As Chitty, J., said in Craignish v. Hewitt, [1892] 3 Ch. 180,

---

1. For example:
   "Q. You say you placed the house in the hands of this realtor in July or about the middle of July, is that right? A. Well, I would say that here the timing was such that once we definitely decided that we wanted to leave the Maryland area and live elsewhere we wasted no time. We immediately attempted to sell our home." Deposition, page 20.

2. Although the record is far from clear that defendant Huge was domiciled in

Maryland the court has assumed for the purposes of the motion now before it that defendant Huge did establish a domicile in the state and district of Maryland.

3. Defendant's rent receipt for September was exhibited to counsel during the taking of his deposition (pages 32–33). This ante-litem act is most significant.

192: 'A man may be domiciled in a country without having a fixed habitation in some particular spot in that country.'" Winans v. Winans, 1910, 205 Mass. 388, 91 N.E. 394, 396, 28 L.R.A.,N.S., 992. Defendant Huge's residence in Racine was certainly longer than a day or an hour and, rather than being undecided as to the particular place in which he would reside, he did not leave the state of Wisconsin and return to Maryland until he had acquired a suitable place in which to live. Under such circumstances the courts have held that he cannot be said to be in itinere nor can his former domicile be said to adhere to him. His acts show an abandonment of his former domicile without any intention of returning and the intention of making his home in Wisconsin either permanently or for an indefinite period of time. Winans v. Winans, 1910, 205 Mass. 388, 91 N.E. 394, 396, 28 L.R.A.,N.S., 992. Huge's return to Maryland was of a purely temporary character for the purpose of disposing of any remaining connections with the state of Maryland and in no way changed the legal effect of his previous actions, such return being merely a continuation of his course of disposing of his interests in Maryland. Accordingly, this court holds that defendant Huge was not domiciled in the district of Maryland at the time of service of process upon him.

Likewise, to hold that at the time in question Huge was living in the state of Maryland would be to ignore the realities of this particular case. Within minutes, or at the most hours, Huge was to leave the state with his wife, children and all of his remaining possessions. He was merely awaiting the arrival of the moving van. In actuality he was engaged in removing himself from the district and state of Maryland. True, he was physically present in the state but certainly not "as an inhabitant in a given place." " 'Residence' means in general a personal presence at some place of abode with no present intention of definite and early removal and with a purpose to remain for an undetermined period, not infrequently but not necessarily combined with a design to stay permanently." Jenkins v. North Shore Dye House, Inc., 1931, 277 Mass. 440, 178 N.E. 644, 646. Similarily, in defining and distinguishing the term "residence" from the word "domicile" it has been stated:

"It will be observed from these definitions that both the terms involve the idea of something beyond a transient stay in a place. To be a resident one must abide in a place; have his home there. The essential distinction between 'residence' and 'domicile' is this: The first involves the intent to leave when the purpose for which he has taken up his abode ceases; the other has no such intent, the abiding is animo manendi. One may seek a place for the purposes of pleasure, of business, or of health. If his intent be to remain it becomes his domicile; if his intent be to leave as soon as his purpose is accomplished, it is his residence. Perhaps the most satisfactory definition is that one is a resident of a place from which his departure is indefinite as to time, definite as to purpose; and for this purpose he has made the place his temporary home." Brisenden v. Chamberlain, C.C.D.C.S.C.1892, 53 F. 307, 311.

Huge's mere bodily presence in this district does not meet the test of residence as defined by the courts. This court concludes that Huge was present in the district but did not then reside in the district.

For the foregoing reasons motions two, three, four and five of defendant Huge are hereby denied; the first motion to dismiss and to quash service of process upon the individual defendant, Gerald W. Huge, is hereby granted.