19781

Victoria MARTIN, Respondent, v. James MARTIN, Appellant

(203 S. E. (2d) 385)

*Messrs. McGowan, Nettles, Keller & Eaton,* of Florence, *for Appellant,*

*Messrs. Gasque & Seals,* of Marion, *for Respondent,*

March 4, 1974.

*Per Curiam:*

In this guest-passenger case the respondent-wife obtained a judgment for both actual and punitive damages against her appellant-husband. The accident giving rise to the litigation occurred between the hours of 7:00 and 8:00 p. m. on the night of January 3, 1971, in the front yard of the residence of the parties. Such residence is located on the west side of Highway 41 at Centenary in the County of Marion. The parties had been visiting in the neighborhood some two miles south of the residence traveling in a 1969 Ford pickup truck operated by the husband. Upon returning from their visit, and after entering a circular driveway in the front yard of their home, the wife fell out of the right-hand door of the pickup and sustained injuries of consequence.

Appellant states and argues eleven questions, the first being his contention that the evidence was insufficient to carry the issue of liability to the jury. We agree that such contention is meritorious and such conclusion will render unnecessary the discussion of any other questions raised. It is well settled by virtue of Code Section 46-801 that the only duty an operator owes to a guest-passenger is not to injure the guest intentionally, willfully or by conduct which is in reckless disregard of the rights of the passenger. See numerous cases collected West's South Carolina Digest, Automobiles, Key No. 181 (1). It is, of course, elementary that in considering whether the trial court should have directed a verdict in favor of a defendant, the evidence and all inferences reasonably deducible therefrom have to be viewed in the light most favorable to the plaintiff. It is also settled that if more than one reasonable inference can be drawn from the evidence the case must be submitted to the jury, but if the evidence is susceptible of only one reasonable inference any question involved will no longer be a question for the jury but one of law for the court. In an action controlled by Code Section 46-801, the burden of proof is upon the passenger to establish that the sustained injuries were the proximate result of the owner's intentional, willful or reckless conduct in the operation of the automobile.

We proceed to review the evidence and the inferences reasonably deducible therefrom in the light of the foregoing principles. The plaintiff-wife was the only witness who testified as to the actual accident, and if she is to prevail, liability has to be predicated upon her testimony and, of course, any proved circumstances corroborative thereof. The testimony relied upon by counsel for the respondent as tending to establish liability is quoted from the respondent's brief, as follows:

"Q. What were you riding in?

"A. Well, we were riding in a Ford pickup. And we had started home, and he was driving along, ordinarily,

reckon, and as he come to the driveway there was coming a car behind him. So he speeded up and he swerved the truck in and there was a hole in the driveway which throwed me back and forth unexpected, and I fell out.

"Q. Did you fall all the way out?

"A. Yes, sir, I hit the dirt.

"Q. And what did he do then?

"A. Well, as soon as he could stop he run back and picked me up and helped me in the house.

"Q. All right, ma'am, did he make any statement as to what happened, or what caused the accident?

"A. Well, he said he was trying to get off the road before the car come up too close behind him. That's all he said.

"Q. Did he drive in the driveway that night in the usual way?

"A. No, sir. He whirled off of the pavement and there were holes in the driveway and then I fell out.

"Q. How deep were the holes in the driveway?

"A. Some of them were this deep.

(Witness indicating)

"Q. Stand up so the jury can see what you are indicating.

"A. About this deep."

(There is nothing in the record to show just how deep the holes were indicated to be by the witness, apparently using her hands.)

This testimony, of course, has to be viewed in connection with the remainder of the wife's testimony and admitted facts appearing in the record. Upon cross-examination it was brought out from the wife that the holes in the driveway she referred to extended from one end of the driveway to the other, that the entire driveway was a "wishy-washy road" just like it had been for a considerable time and that the condition thereof was well known to her. She testified

that the truck had proceeded some two truck lengths or more into the driveway before hitting the hole which allegedly caused the door to come open. Although she testified, as above quoted, that she was thrown back and forth suddenly upon hitting the hole, she was frank to admit on cross-examination that the injuries sustained resulted from the door coming open and her falling out. There is no testimony on her part to the effect that she was thrown against, or out of, the door as a result of the turning movement of the truck. There is uncontradicted evidence that there was no discernible defect in the door or the lock thereto and if there was failure to securely close the same, such failure was on the part of the wife and not the husband.

Although the wife contends that the husband speeded up and whirled into the driveway, which both of them knew to be rough and wishy-washy, she admittedly made no remonstration and explains her failure to do so by saying that it happened so quickly she didn't have time. Although she contends that he was going too fast, there is no evidence on her part to indicate specifically just how fast she claims he was driving. Assuming that his speed was to an extent excessive under the circumstances, there is nothing to give rise to an inference of any particularly high rate of speed. At least inferentially, the truck was brought to a stop within a relatively short distance from the point of injury. When we consider the testimony of the wife as to the distance from the point where the husband speeded up to the point of injury it is obvious, that under any view of the testimony several seconds elapsed in which she could have remonstrated with her husband if he acted in a noticeably reckless manner and her failure to remonstrate militates against any inference that his conduct was so reckless as she now contends.

In summary, the evidence in the light most favorable to the plaintiff-wife, tends to prove only that the husband drove the motor vehicle into the driveway

at a swifter pace than normal and that the door of the truck came open after the vehicle was in the driveway, either as a result of being insecurely fastened or as the result of the truck passing somewhat swiftly over one or more of the holes in the rough driveway and that as a result of the door coming open the wife was injured. The test for determining whether a tort may be deemed reckless, wilful or wanton is whether it has been committed in such a manner and under such circumstances that a person of ordinary reason or prudence would have been conscious of it as an invasion of the rights of the injured party. *Powell v. Simons,* 258 S. C. 242, 188 S. E. (2d) 386. In the present case we do not think there was any evidence from which it could be reasonably inferred that the husband, or the wife for that matter, was conscious of any conduct on the part of the husband which was an invasion of the rights of the wife.

It may very well be that the husband did not operate the vehicle as skillfully or carefully as he might have, but we quote the following apt language from the opinion in *Young v. Dyer,* 161 Va. 434, 170 S. E. 737, 739:

"A mere failure to skillfully operate an automobile under all conditions, or to be alert and observant, and to act intelligently and operate an automobile at a low rate of speed may, or may not, be a failure to do what an ordinarily prudent person would have done under the circumstances, and thus amount to lack of ordinary care; but such lack of attention and diligence, or mere inadvertence, does not amount to wanton or reckless conduct, or constitute culpable negligence for which defendant would be responsible to an invited guest."

No case has been cited by either party, or come to our attention, which is in point with the instant case in both fact and law. The respondent cites and relies upon the cases of *Baumgarten v. Tasco,* 312 Mich. 161, 20 N. W. (2d) 144 and *Arezzi v. Cutrale* (1948), 137 N. J. L. 573, 61 A. (2d) 69, affirmed 1 N. J. 566, 64 A. (2d) 612. Exam-

ination of these cases show that neither is in point. *Baumgarten* was not a guest-passenger case, the vehicle involved being a taxicab. The *Arezzi* case is not in point as it appears that New Jersey at that time did not have a guest-passenger statute, with the result that a guest could recover upon proof of simple negligence. See Am. Jur. (2d) Desk Book, Document No. 123 (1962). A case more nearly in point both factually and legally than any other coming to our attention is that of *Caverno v. Houghton*, 294 Mass. 110, 1 N. E. (2d) 4. The facts of that case were quite similar to the facts in the instant case and the plaintiff was denied recovery, the court holding that there was no evidence warranting a finding of "gross negligence" which was necessary to support a recovery under Massachusetts law.

Having concluded that the evidence is not reasonably susceptible of any inference which would support or sustain recovery by a guest-passenger, the judgment below is reversed and the cause remanded for entry of judgment in favor of defendant-appellant.

Reversed.